**WAYNE GREENWALD, P.C.**
*Attorneys for Plaintiff*
*Summa Capital Corp.*
**475 Park Avenue South - 26th Floor**
**New York, NY 10016**
**212-983-1922**
**By: Wayne M. Greenwald**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:                                                          Case No. 08-12667 (MEW)

                        **BOAZ BAGBAG,**                    Chapter 7

                                    Debtor.
_____

**SUMMA CAPITAL CORP.,**

                        Plaintiff,                            Adv. No. 20-02285(MEW)
         - against -

**BOAZ BAGBAG,**

                        Defendant.
-----------------------------------------------------------X

**SUMMA CAPITAL CORP., 's OBJECTION**
**TO BOAZ BAGBAG'S MOTION SEEKING ORDERS**
**DISMISSING THIS ADVERSARY PROCEEDING,**
**WITH POINTS AND AUTHORITIES**

**TO:  HON.  MICHAEL E. WILES**
       **UNITED STATES BANKRUPTCY JUDGE**

Summa Capital Corp., the Plaintiff ("Summa" or the "Plaintiff"), by its

attorneys represents:

## PRELIMINARY STATEMENT

1.    Summa objects to the Debtor-Defendant's, Boaz Bagbag (the "Debtor")

motion seeking orders dismissing this action (the "Motion").

2.    The Motion should be denied because:

a.)    the Complaint states a viable cause of action;

b.)    abstention is inappropriate because this action is not parallel to two

pending state court actions seeking relief under C.P.L.R. § 5203.

These matters are elucidated herein.

## THE COMPLAINT STATES A CLAIM FOR RELIEF

3.    The Motion contends that the Complaint fails it does not allege that Summa

has a judgment lien against any property.

4.    No authority is cited to support this contention.

5.    The Motion's contention ignores established authority.

6.    Judgment liens affect property acquired after the judgment's entry.  *In re*

*Scarpino*, 113 F.3d 338, 341 (2d Cir. 1997), *In re Luftman*, 245 F. Supp.

723, 724–25 (S.D.N.Y. 1965) citing,  *Hulbert v. Hulbert*, 216 N.Y. 430, 440,

111 N.E. 70 (1916)(Inherited properly subject to prior judgment lien),

*Hohenrath v. Wallach*, 37 A.D.2d 248, 249, 323 N.Y.S.2d 560, 562 (2nd

Dept. 1971)("The law is settled that the lien of a filed judgment attaches to

an after-acquired interest in property of a judgment debtor).

7.     The action's objective is to preserve and extend the judgment's lien creating

attributes for the next ten years against property which can be subject to a

lien created by Summa's money judgment against the Debtor.

8.     The Complaint states a claim for which relief can be granted.


## THIS COURT SHOULD NOT ABSTAIN

9.     The Motion contends that this action is parallel to two actions in state court.

10.    It is not.

11.    Those actions seek to extend judgment liens created by filed transcripts of

this Court's judgment.

12.    This action seeks to extend the judgment liens created by this Court's

judgment.

13.    The state court actions cannot do that for this Court's consent judgment.

14.    Only this Court has that authority. See, *United States v. Am. Soc. of*

*Composers, Authors & Publishers*, 32 F.3d 727, 731 (2d Cir. 1994), Anthony

DiSarro, *Six Decrees of Separation: Settlement Agreements and Consent*

*Orders in Federal Civil Litigation*, 60 Am. U. L. Rev. 275, 302 (2010)("In addition to statutes, federal common law provides that federal courts have the inherent power to enforce their own orders.")

15.     Moreover, the authorities cited by the Debtor for abstention involved far more intricate and difficult issues for protracted litigation.

16.     This action is simple.

17.     The Debtor is needlessly complicating it.


**Applying Colorado River to this Action**

18.     The Motion attempts applying the factors of *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 800, 96 S. Ct. 1236, 1238, 47 L. Ed. 2d 483 (1976), to this action:

> (1)     whether the controversy involves a res over which one of the courts has assumed jurisdiction;
>
> (2)     whether the federal forum is less inconvenient than the other for the parties;
>
> (3)     whether staying or dismissing the federal action will avoid piecemeal litigation;
>
> (4)     the order in which the actions were filed and whether

proceedings have

advanced more in one forum than in the other;

(5)    whether federal law provides the rule of decision; and

(6)    whether the state procedures are adequate to protect the

plaintiff's federal rights.

See Motion, p.4.

19.    The factors don't support abstention.

20.    The State Court has jurisdiction over the state liens.  This Court has

jurisdiction over the judgment.

21.    They are not interchangeable.

22.    The Federal forum is less inconvenient than the state forums.

23.    The State Actions are in two courts.  This action is in this Court.

24.    This Court also provides for simpler service of process than State Court.

25.    Staying this action will not avoid piecemeal litigation.

26.    The rights asserted in each action are independent of each other.

27.    The State Court actions were commenced the same day as this action.

28.    This action has progressed farther.

29.    It obtained personal jurisdiction over the Debtor.  The Motion is asserted.

30.    Federal law does not provide the rules for decision.

- 5 -

31. However, the law is not complex.

32. Summa cannot opine whether state procedures are adequate to protect its federal rights.

33. Summa notes, however, that the Debtor has consistently attempted to avoid this Court jurisdiction.

34. Summa is concerned about the reason for that.

35. Summa also notes that the State Court previously, improperly exercised its influence on this Court's judgment.

36. It seems that the State Court may not adequately protect Summa's rights.

37. Abstention from the exercise of federal jurisdiction is the exception, not the rule. The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest. It was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State

court could entertain it.

*Colorado River*, 424 U.S. at 813–14, 96 S.Ct. 1236

38.     The Debtor had not shown "exceptional circumstances" serving "an

important countervailing interest" warranting abstention.

39.     In contrast, "the presence of a federal basis for jurisdiction may raise the

level of justification needed for abstention" *Niagara Mohawk Power Corp.*

*v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 99–100 (2d Cir.

2012).

40.     A federal basis for jurisdiction exists here.

41.     "Athough in some rare circumstances the presence of state-law issues

may weigh in favor of" a federal court's surrender of its jurisdiction,

"the presence of federal-law issues must always be a major

consideration weighing against surrender." . . . . Here, federal issues

not only are present, but predominate.

*Id.*, at 103

42.     Abstention is inappropriate.

43.     The Motion should be denied.

**WHEREFORE,** Summa asks this Court to issue orders: a.) denying the Motion;

and b.) granting such other and further relief as this Court deems proper.

Dated: New York, NY
      August 4, 2020

WAYNE GREENWALD, P.C.
*Attorneys for Plaintiff*
*Summa Capital Corp.*
475 Park Avenue South - 26th Floor
New York, NY 10016
212-983-1922


By: /S/ Wayne M. GreenwaPres
      Wayne M. Greenwald