**WAYNE GREENWALD, P.C.**
*Attorneys for Plaintiff*
*Summa Capital Corp.*
475 Park Avenue South - 26th Floor
New York, NY 10016
212-983-1922
By: Wayne M. Greenwald

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
In re:                                                                          Case No. 08-12667 (MEW)

       **BOAZ BAGBAG,**                                  Chapter 7

                             **Debtor.**
_____
**SUMMA CAPITAL CORP.,**

            **Plaintiff,**                                        Adv. No. 20-01185(MEW)
  - against -

**BOAZ BAGBAG,**

            **Defendant.**
------------------------------------------------------------X

**SUMMA CAPITAL CORP., 's SUPPLEMENTAL OBJECTION**
**TO BOAZ BAGBAG'S MOTION SEEKING ORDERS**
**DISMISSING THIS ADVERSARY PROCEEDING,**
<u>**WITH POINTS AND AUTHORITIES**</u>

TO:  HON. MICHAEL E. WILES
       UNITED STATES BANKRUPTCY JUDGE

    Summa Capital Corp., the Plaintiff ("Summa" or the "Plaintiff"), by its

1

attorneys represents:

## PRELIMINARY STATEMENT

1. At the August 5, 2020 hearing (the "Hearing") on the Debtor-Defendant's, Boaz Bagbag (the "Debtor") motion seeking dismissing this action (the "Motion"), Summa referred to a decision granting summary judgment to a judgment creditor in a similar action.

2. Summa said it would provide the Court with that decision

## THE REFERENCED DECISION

3. That decision is *Levin v. Islamic Republic of Iran*, 2018 WL 10638333, at *1 (S.D.N.Y. Dec. 19, 2018)("*Levin*").

4. Like Summa, that judgment creditor sought "to extend their judgment lien against defendants' real property in New York." with "renewal judgment triggering a new judgment lien under N.Y. C.P.L.R. § 5014." *Id.*

5. Thar court found it had authority to renew the registered judgment and trigger a corresponding lien on defendants' real property and granted that plaintiff summary judgment for a renewal judgment. *Id.,* at *2-*3.

6. Summary judgment was granted because:

    The Court therefore need only decide whether the Levins' application

meets the standards of N.Y. C.P.L.R. § 5014. Under § 5014, a plaintiff must make a *prima facie* showing of her entitlement to a renewal judgment as a matter of law, demonstrate that the defendant was the judgment debtor, that the judgment was docketed at least nine years prior to the commencement of the action, and that the judgment remains partially or completely unsatisfied.

*Id.*, at *2.

7. There is no question that Boaz Bagbag is "the judgment debtor, that the judgment was docketed at least nine years prior to the commencement of the action, and that the judgment remains partially or completely unsatisfied."

8. The Complaint states that.

9. It is unchallenged.


**The Predominant Federal Interest**

10. Mr. Bagbag says this Court should abstain from this action.

11. He says this Court should not safeguard the rights granted by this Court's judgment.

12. Mr. Bagbag's contention is the antithesis of Federal jurisprudence.

13.     Process subsequent to judgment is as essential to jurisdiction as

process antecedent to judgment else the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the constitution'," quoting *Riggs v. Johnson County*, 73 U.S. (6 Wall.) 166, 187, 18 L.Ed. 768 (1867)); *Chambers v. Blickle Ford Sales, Inc.*, 313 F.2d 252, 256 (2d Cir.1963); *American Safety Table Co. v. Schreiber & Goldberg, Inc.*, 320 F.Supp. 603, 604 (S.D.N.Y.1970) (observing that federal courts are vested with ancillary jurisdiction over proceedings to enforce their judgments because "*a federal court [has] a vital interest in seeing that [its] judgments are not rendered ineffective by . . . misconduct.*"). *RCA Corp. v. Tucker*, 696 F. Supp. 845, 850 (E.D.N.Y. 1988)(Emphasis supplied).

14. Mr. Bagbag states no prejudice caused him by this Court exercising its jurisdiction in this simple, discrete action.

15. It is simply Summa preserving rights granted it by this Court's judgment against Mr. Bagbag.

16. Mr. Bagbag wants to defeat that, any way he can.

17. Summa cannot predict what the state courts will do in the actions to extend the liens created by the transcripts of this Court's judgment, or what Mr.

Bagbag will do in those actions.

18. Summa is entitled to bring this actions

19. This Court is empowered to grant the relief sought.

20. Precedent entitles Summa to the relief sought.

21. This Court should deny the Motion and not abstain.

**WHEREFORE,** Summa asks this Court to issue orders: a.) denying the Motion; and b.) granting such other and further relief as this Court deems proper.

Dated: Becket MA
      August 12, 2020

                            WAYNE GREENWALD, P.C.
                            *Attorneys for Plaintiff*
                            *Summa Capital Corp.*
                            475 Park Avenue South - 26th Floor
                            New York, NY 10016
                            212-983-1922


                            By: /S/ Wayne M. Greenwald Pres.
                                  Wayne M. Greenwald