UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| BOAZ BAGBAG, | : | Case No. 08-12667 (MEW) |
| Debtor. | : | |
| SUMMA CAPITAL CORP., | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 20-1185 (MEW) |
| BOAZ BAGBAG, | : | |
| Defendant. | : | |

## ORDER DENYING MOTION TO DISMISS ADVERSARY PROCEEDING

On June 10, 2020, Summa Capital Corp. ("Summa") filed the above-captioned adversary proceeding seeking to renew a prior judgment that had been entered in Summa's favor against Boaz Bagbag ten years earlier on June 10, 2010 (the "2010 Judgment"). The 2010 Judgment was for the sum of $1,212,062.40. After certain collections were made on the 2010 Judgment, there remained a principal balance owing of $1,146,000.00, which continues to accrue interest. The 2010 Judgement was entered in the United States District Court for the Southern District of New York and was registered in two courts in New York State, one in Queens County and another in New York County (the "NYS Courts"). Immediately prior to commencing this adversary proceeding, Summa commenced proceedings in the NYS Courts seeking to renew the judgments in those courts so that the liens created by those judgments would be extended.

On July 9, 2020, Boaz Bagbag filed a motion to dismiss the adversary proceeding, arguing that the Court should abstain from considering the case because the necessary relief was

already being sought in the NYS Courts.  He also argued that the complaint did not state a claim for relief because the only purpose of extending a judgment is to extend a lien, and Summa had no such liens.  However, the registration of the state court judgments automatically created liens.  This latter part of Mr. Bagbag's motion has not been pursued and in any event it would lack merit.

A hearing on this matter was held on August 5, 2020.  At the hearing, Mr. Bagbag's counsel expressed some confusion as to whether Summa was seeking to renew the judgment (which may be enforced for 20 years) or to renew a 10-year lien on property.  The Court stated that it was clear that it had authority to renew the 2010 Judgment itself, and to the extent that was the relief sought by Summa, such relief was not barred or premature.  The authorities contemplate the renewal of a judgment (even though the judgment has not expired) so that associated liens may be extended.  *See Rose v Gulizia*, 104 A.D.3d 757, 961 N.Y.S.2d 286, 287 (2d Dept 2013) ("Although a New York money judgment is enforceable for 20 years . . . a real property lien resulting from the judgment is viable for only 10 years.")  In recognition of this, section 5014 of the New York CPLR affords "a judgment creditor an opportunity to extend the life of the lien by commencing an action for a renewal judgment."  *Id*. 104 A.D.3d at 757-58, 961 N.Y.S.2d at 287.  Moreover, the CPLR 5014, specifically allows the action to be commenced "during the year prior to the expiration of ten years since the first docketing of the judgment."  *Id*.; *see also Levin v. Islamic Republic of Iran*, 2018 WL 10638333, at *1 (S.D.N.Y. Dec. 19, 2018).

During the hearing Summa's counsel contended that a federal court judgment automatically creates a lien on properties and that a renewal of the federal judgment would continue those liens.  The Court requested supplemental pleadings on this issue, but although

supplemental papers were filed on August 12, 2020, this issue was not addressed.  This leaves open the question of just what purpose a renewal of the federal judgment would actually serve, as the state court proceedings might be sufficient to accomplish the renewal of liens created by the registrations of the 2010 Judgment in the state courts.

Nevertheless, the 2010 Judgment entered in this Court is the original judgment, so a renewal of it may be of assistance to Summa in renewing the judgments that were registered in the NYS Courts and in thereby renewing the liens of those judgments in the state court actions.  Mr. Bagbag has acknowledged in his motion papers that abstention is merely permissible in these circumstances and that abstention is not required.  There is nothing about the proceedings in this Court that would interfere with the proceedings in the state courts.  Further, there is no prejudice to Mr. Bagbag from a renewal of the 2010 Judgment and therefore no reason to abstain.  Based upon the foregoing, it is hereby

ORDERED, that the motion to dismiss the adversary proceeding is denied.

Dated: New York, New York
August 27, 2020

/s/ **Michael E. Wiles**
UNITED STATES BANKRUPTCY JUDGE