WAYNE GREENWALD, P.C.
*Attorneys for Plaintiff*
*Summa Capital Corp.*
475 Park Avenue South - 18th Floor
New York, NY 10016
212-983-1922
By: Wayne M. Greenwald

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:                                                                            Case No. 08-12667
                                                                                        (MEW)

      BOAZ BAGBAG,                                          Chapter 7

                              Debtor.
_____
SUMMA CAPITAL CORP.,

                       Plaintiff,                    Adv. No. 20-02285(MEW)

- against -
BOAZ BAGBAG,

                       **Defendant.**
-----------------------------------------------------------X

**SUMMA CAPITAL CORP.'S MOTION IN LIMINE
CONCERNING THE DEFENDANTS' PROPOSED EXHIBITS
<u>WITH POINTS AND AUTHORITIES</u>**

**TO: HON. MICHAEL E. WILES
       UNITED STATES BANKRUPTCY JUDGE**

Summa Capital Corp., the Plaintiff ("Summa" or the "Plaintiff"), by its attorneys:

## PRELIMINARY STATEMENT

1. The Plaintiff, Summa Capital Corp. ("Summa" or the "Plaintiff"), asks this Court to grant this motion in limine, and enter orders: a.) precluding the Defendant, Boaz Bagbag from proffering as evidence, using as evidence or attempting to admit into evidence the Exhibits he provided to this Court on November 16, 2020, copies of which are annexed hereto as Exhibits "A" through "J" (the "Exhibits"); and b.) granting such other and further relief as this Court deems proper.

2. The Motion should be granted as the Defendant's proposed Exhibits fail to satisfy F.R.E. 401's standard for admissibility in this action.

3. The proposed Exhibits lacks a tendency to make a consequential fact, in determining this action, more or less probable than it would be without the Exhibit.  See, F.R.E. 401.

## BACKGROUND AND JURISDICTION

4. On July 10, 2008, the Debtor-Defendant commenced this case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Case").

5. Richard McCord was appointed interim chapter 7 trustee in this Case.

6. Alan Nisselson was appointed as chapter 7 trustee in this Case.

7. This Case closed on February 4, 2013.

8. The Debtor reopened this Case on June 6, 2018.

9. This Court has jurisdiction over this Action and Motion, pursuant to 28 U.S.C. §§ 1334 and 157.

10. This district is the appropriate venue for this Action and Motion, pursuant to 28 U.S.C. §§ 1408 and 1409.

11. Upon information and belief, this Action and Motion are "core proceedings."

12. Upon information and belief, this Action and Motion concern a "public right."

13. Summa consents to this Court entering a "final judgment" determining this Action and Motion

## MOTIONS IN LIMINE

14. The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See *Luce v. United States*, 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), *Palmieri v. Defaria,* 88 F.3d

136, 141 (2d Cir.1996); *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F.Supp. 276 283 (S.D.N.Y.1996). Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds. See also *Baxter Diagnostics, Inc. v. Novatek Med. Inc.*, No. 94–CIV5520 (AJP), 1998 U.S. Dist. LEXIS 15093, at *11, 1998 WL 665138 [at *3] (S.D.N.Y.1998).

*In re GII Indus., Inc.,* 495 B.R. 209, 211 (Bankr. E.D.N.Y. 2010).

15. Where proposed evidence is not "reliable or relevant to the inquiry before the Court" excluding it through a motion in limine is appropriate. *In re Worldcom, Inc.*, 371 B.R. 33, 36 (Bankr. S.D.N.Y. 2007)(Excluding an expert's testimony").

**The Test for Relevant Evidence**

16. F.R.E. 401 sets the standard for relevant evidence, See, *Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 257 (S.D.N.Y. 2015). It provides:

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

F.R.E. 401

## APPLYING F.R.E. 401 TO THIS ACTION'S FACTS

17. This is an action, pursuant to C.P.L.R. R. 5014, made applicable herein by Fed.R.Bankr. P. 7069 and Fed.R.Civ.P. 69, to renew a prior judgment that was entered in Summa's favor against Boaz Bagbag on June 10, 2010 (the "Judgment").  See, "Order Denying Motion to Dismiss Adversary Proceeding" ECF #   7.

18. The Answer in this action asserts no affirmative defenses. See. Answer, ECF # 8.

19. To establish a *prima facie* case for the relief sought by the Complaint, Summa need only show that the:

    a.)   defendant was the judgment debtor,

    b.)   judgment was docketed at least nine years prior to the commencement of the action, and

    c.)   that the judgment remains partially or completely unsatisfied.

See, *Levin v. Islamic Republic of Iran*, 2018 WL 10638333, at *2 (S.D.N.Y. Dec.19, 2018), *Lull v. Van Tassell,* 171 A.D.3d 1155, 1156, 100 N.Y.S.3d 99 (2nd Dept. 2019), *Zara v. Kiriscioglu,* 2020 WL

3871292, at *1 (Sup. NY Cty. July 09, 2020).

7. Those three elements are the facts of consequence in this action. See, *Zara v. Kiriscioglu,* 2020 WL 3871292, at *1, (Granting that plaintiff summary judgment in a similar action to renew a judgment.), See also, *Edrich v. Festinger,* 2017 WL 3575238, at *6–11 (E.D.N.Y. Aug. 17, 2017).

## THE DEFENDANT'S PROPOSED EXHIBITS

20. Mr. Bagbag proposes proffering as exhibits:

DX 1      Proof of Claim: Asher Alcobi (Annexed hereto as Exhibit "A.")

DX 2      Letter from 122 Street Slash LLC (ECF no. 16 in 08-12666) (Annexed hereto as Exhibit "B".)

DX 3      Motion of 122 Street Slash, LLC for Entry of an Order Granting Relief from the Automatic Stay and for Related Relief (ECF no. 29 in 08-12666) (Annexed hereto as Exhibit "C".)

DX 4      Application for an Order Pursuant to Fed.R.Bankr.P. 2004 Authorizing Examinations and Issuance of Subpoenas on

|       |                                                                                                                                                                                                                                                 |
|-------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|       | Behalf of Uzi Evron, Roni Abudi, Doron Kessel and Asher Alcobi (ECF no. 10) (Annexed hereto as Exhibit "D".)                                                                                                                                     |
| DX 5  | Gumenick letter (ECF no. 16)(Annexed hereto as Exhibit "E".)                                                                                                                                                                                    |
| DX 6  | Response to Debtor's Objection to Movants' Motion Pursuant to Fed. R. Bankr. P. 2004 Authorizing Examinations and Issuance of Subpoenas as Related to Claims Against Debtor Boaz Bagbag (ECF no. 18) (Annexed hereto as Exhibit "F".)            |
| DX 7  | Order Pursuant to Fed. R. Bankr. P. 2004 Authorizing Examinations and Issuance of Subpoenas as Related to Claims Against Debtor Boaz Bagbag (ECF no. 21) (Annexed hereto as Exhibit "G".)                                                       |
| DX 8  | Response to Application of the United States Trustee for Approval of Stipulation and Proposed Order Dismissing Debtor's Chapter 7 Case (ECF no. 28) (Annexed hereto as Exhibit "H".)                                                            |
| DX 9  | Chapter 7 Individual Debtor's Statement of Intention (ECF no. 33) (Annexed hereto as Exhibit "I".)                                                                                                                                              |

    DX 10        Decision Regarding Motion to Enforce Discharge Injunction with Respect to New York State Court Judgment (ECF no. 172) (Annexed hereto as Exhibit "J".).

21. Each of these proposed Exhibits lacks a tendency to make a consequential fact, in determining this action, more or less probable than it would be without the Exhibit. See, F.R.E. 401.

22. Except for DX 10, all of the Exhibits antedate the Judgment which is this action's subject.

23. There is no way they do or could relate to whether: a.) Mr. Bagbag is the Judgment's judgment debtor, b.) the Judgment was docketed at least nine years prior to the commencement of this action, and c.) thedo o Judgment remains partially or completely unsatisfied.

24. Nor do their contents seem to have any relation to this action's relevant factors.

25. Exhibit DX 10, is decision concerning a dispute, not involving Summa, where that creditor's state court judgment was vacated as a violation of Mr. Bagbag's discharge injunction.

26. DX 10 has no relevance to this action's consequential facts either.

27. The Proposed Exhibits have no bearing on or relevance to this case.

28. It appears that Mr. Bagbag is resuming his prior, failed effort to be relieved of the Judgment.

29. It is appropriate and warranted that this Court grant this Motion and exclude Mr. Bagbag's proposed Exhibits from the trial in this action.

**WHEREFORE,** Summa asks this Court to grant this Motion, and enter orders: a.) precluding the Defendant, Boaz Bagbag from proffering as evidence, using as evidence or attempting to admit into evidence the Exhibits; and b.) granting such other and further relief as this Court deems proper.

Dated: Becket, MA
November 17, 2020

    WAYNE GREENWALD, P.C.
    Attorneys for Plaintiff
    Summa Capital Corp.
    475 Park Avenue South - 18 th Floor
    New York, NY 10016
    212-983-1922

    By: /s/ Wayne M. Greenwald, Pres.
        Wayne M. Greenwald