**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
In re:                                                                         Case No. 08-12667
                                                                                      (MEW)
      **BOAZ BAGBAG,**                                               Chapter 7

                    **Debtor.**
_____
**SUMMA CAPITAL CORP.,**

                    **Plaintiff,**                         Adv. No. 20-01185(MEW)

- against -

**BOAZ BAGBAG,**

                    **Defendant.**
------------------------------------------------------------X

## PLAINTIFF'S PROPOSED PRE-TRIAL ORDER

The Plaintiff, Summa Capital Corp. ("Summa" or the "Plaintiff") attempted to confer with Boaz Bagbag (sometimes referred to as the "Debtor-Defendant") about the contents of this pre-trial order. The Debtor-Defendant did not provide the Plaintiff with his comments or proposed amendment to the proposed pretrial order provided him. Therefore, the Plaintiff offers the following statements and directions to be adopted as the Pretrial Order herein.

## NATURE OF THE CASE

Action seeking an order or judgment:

a.) pursuant to C.P.L.R. § 5014, made applicable herein by Fed.R.Civ.P. 69 and Fed.R.Bankr.P. 7069, granting it a renewal judgment, based on the Judgment (as that term is defined herein) in the principal sum of $1,146,000, plus accrued interest; and

b) granting it such other and further relief that the Court deems just and appropriate.

**BASIS FOR JURISDICTION, WHETHER THE CASE IS CORE OR NON-CORE, AND WHETHER THE BANKRUPTCY JUDGE MAY ENTER FINAL ORDERS OR JUDGMENT**

1. Subject matter jurisdiction: 28 U.S.C. §§ 1334 and 157.

2. Core proceeding

3. Summa Capital Corp. consents to this Court entering a final judgment or order.

4. Debtor-Defendant does not consent to this Court entering a final judgment or order.

**III.    STIPULATED FACTS**

1. The Debtor-Defendant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on July 10, 2008 commencing this case (the "Case").

2. On or about June 8, 2010, the Bankruptcy Court for the Debtor-Defendant's

    Case entered a $1,212,062.40 judgment in Summa's favor and against the Debtor-Defendant (the "Judgment").

3. The Debtor-Defendant, Boaz Bagbag is the judgment debtor on the Judgment.

4. The Judgment remains unsatisfied.

5. This action was commenced more than nine years after the Judgment was entered.

6. This action was commenced within ten years of the Judgment being entered.

7. The Judgment has not been fully satisfied.

8. The Judgment continues to accrue interest.

9. Summa is entitled to a renewal judgment, pursuant to C.P.L.R., pursuant to C.P.L.R. § 5014, made applicable herein by Fed.R.Civ.P. 69 and Fed.R.Bankr.P. 7069.

**PARTIES' CONTENTIONS**

The pleadings are deemed amended to embrace the following, and only the following, contentions of the parties:

**Debtor-Defendant's Contentions**

1. Not known

**Summa's Contentions**

1. On July 31, 2019, the principal amount owed on the Judgment was $1,146,000.

2. Since July 31, 2019, Summa received no payments or other value which could be credited against the principal amount due on the Judgment.

3. There remains due and owing on the Judgment, the principal sum of $1,146,000 plus accrued interest.

4. Not less than $40,262.80 in interest has accrued on the Judgement through October 12, 2020.

5. The Defendant never sought any form of satisfaction of judgment, pursuant to CPLR 5020.

**AGREED UPON ISSUES TO BE TRIED**

**Summa's Issues to Be Tried**

1. How much, remains due and owing on the Judgment?

**Debtor-Defendant's Issues to Be Tried**

1. Not known.

**EXHIBITS**

No exhibit not listed by either party may be used at trial except (a) for cross-examination or rebuttal purposes or (b) if good cause for its exclusion from the pre-trial order is shown. Each side shall list all exhibits it intends to offer on its case in chief. The list shall include a description of each exhibit. All exhibits shall be pre-marked with each exhibit bearing a unique number or letter (numbers for Debtor-Defendant and letters for Summa), with the prefix DX for Debtor-Defendant's exhibits and PX for Summa's exhibits. One paper copy of each exhibit shall be delivered to chambers with the proposed pretrial order, together with, if available, a flash drive containing pdf copies of all of the exhibits.

**Debtor-Defendant's Exhibits**

1. The Debtor-Defendant's proposed exhibits are the subject of an unopposed motion in limine. Thus, the Plaintiff anticipates that the Debtor-Defendant has no Exhibits.

**Summa's Exhibits**

PX A –   Judgment, dated June 10, 2010

PX B –   Transcript from Evidentiary Hearing in Bagbag v. Summa Capital Corp., held on July 31, 2019

PX C –   Complaint in this Action

    PX D –    Answer in this Action

    PX E –    Decision in this Action Denying the Defendant's Motion to Dismiss

## **STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS**

Any objections not set forth herein will be considered waived absent good cause shown. The parties stipulate to the authenticity and admissibility of all exhibits listed above.

## **DEBTOR-DEFENDANT'S WITNESS LIST**

1. Unknown. However, the Plaintiff assumes the Debtor-Defendant will testify.

## **SUMMA'S WITNESS LIST**

1. Howard Schulder

The witnesses listed may be called at trial. No witness not identified herein shall be permitted to testify on either party's case in chief absent good cause shown. Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line

numbers the portions of the deposition transcript it intends to offer. Counsel are expected in good faith to offer only those portions of deposition testimony that are necessary and shall refrain from designating the entireties of deposition transcripts and from designating cumulative or irrelevant matters. Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefor.

**RELIEF SOUGHT**

Summa seeks an order or judgment:

    a.)    pursuant to C.P.L.R. § 5014, made applicable herein by Fed.R.Civ.P. 69 and Fed.R.Bankr.P. 7069, granting it a renewal judgment, based on the Judgment in the principal sum of $1,146,000, plus accrued interest; and

    b.)    granting it such other and further relief that the Court deems just and

appropriate.

Dated: New York, NY
November 23, 2020

>WAYNE GREENWALD, P.C.
>*Attorneys for the Plaintiff*
>*Summa Capital Corp.*
>475 Park Avenue South - 18h Floor
>New York, New York 10016
>212-983-1922
>
>By: ___/s/ Wayne M. Greenwald__, Pres.
>　　　　Wayne M. Greenwald

Dated: New York, NY
November   , 2020

IT IS SO ORDERED:

_____
UNITED STATES BANKRUPTCY JUDGE