# DAVID BOLTON, P.C.

666 OLD COUNTRY ROAD
Suite 509
GARDEN CITY, NEW YORK 11530

TELEPHONE (516) 222-0600
FACSIMILE (516) 908-4475
E-mail dbolton@dboltonlaw.com

April 20, 2021

**Via ECF**

Hon. Michael E. Wiles
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

    Re:    <u>Summa Capital Corp. v. Boaz Bagbag</u>
            Adv. Pro. No. 20-01185

Dear Judge Wiles:

    This firm represents Summa Capital Corp. in connection with enforcement of the judgment entered against debtor Boaz Bagbag.

    We are writing further to a call from Chambers which asked that we elaborate upon the discovery disputes which led Summa to request a conference.

    As the Court is aware, a money judgment was entered by this court against the Debtor in June 2010 in 08-12667. A renewal judgment was entered in the above-reference Adversary Proceeding on December 7, 2020.

    Summa is seeking post-judgment discovery from Mr. Bagbag pursuant to Rule 69 of the Federal Rules of Civil Procedure and Rule 7069 of the Federal Rules of Bankruptcy Procedure.[1]

---

[1]     Rule 69(a) provides in pertinent part:

    In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record, may obtain discovery from any person -- including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located.

Specifically, on March 2, 2021 Summa served written Interrogatories on the Debtor and a Request for the Production of Documents.

The Debtor served written responses and objections to the Document Request.

The Debtor has not responded to the Interrogatories. The Debtor also has not produced documents which he has agreed to produce.

Immediately upon receipt of the objections, Summa sent Debtor's counsel a detailed e-mail responding to the objections and asking the Debtor to explain the basis for the objections. Summa also reminded the Debtor of his obligation to serve sworn answers to the written interrogatories.

We have not received any substantive response to that email.

Summa repeatedly has attempted to engage Debtor's counsel in a good faith discussion about Debtor's objections and his failure to produce documents he agreed to produce and his failure to respond to the Interrogatories, but Debtor's counsel has refused to participate. All counsel has provided are vague statements that Debtor is "collecting updated documents for production."

Submitted herewith is a chart which sets forth the text of Summa's document request, the Debtor's response/objection, and Summa's response to the objection/response as transmitted to Debtor's counsel by e-mail.

Summa requests a conference so that the Court can consider the Debtor's objections, set a date by which Debtor must provide sworn answers to the Interrogatories, and provide a date for the production of documents.

Summa also will be taking the Debtor's deposition. The deposition was duly noticed but was adjourned because the other discovery was not provided.

Thank you for your attention to this matter.

                Very truly yours,

                /s/
                David Bolton

Enc.
cc:    All counsel (via ECF)