# ABRAMS AF FENSTERMAN

### Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP

#### Attorneys at Law

| | | |
|---|---|---|
| **Maureen T. Bass, Esq.**<br>Partner<br>Email: mbass@abramslaw.com | 160 Linden Oaks, Suite E<br>Rochester, New York 14625<br>Phone: (585) 218-9999<br>Fax: (585) 218-0562<br>Fax Not For Legal Services | <u>FIRM OFFICES</u><br>Brooklyn<br>New York<br>Rochester<br>White Plains |

April 29, 2021

**VIA CM/ECF**

Hon. Michael E. Wiles, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

      Re:   *In re Boaz Bagbag,* Case No.: 08 br 12667 (MEW)
              *Bagbag v. Summa Capital Corp.,* Case No.: 19 ap 01022 (MEW)

Dear Judge Wiles:

      We are recently retained co-counsel to Mr. Boaz Bagbag ("Mr. Bagbag"), an individual whose Chapter 7 bankruptcy case was closed by order of this Court on or about December 11, 2020, as well as in connection with the above-captioned closed adversary proceeding. This letter is submitted at the Court's direction at the conference held on April 28, 2021 to provide letter briefing as to whether it should find subject matter jurisdiction to preside over a single creditor's post-judgment collection efforts without any benefit to an existing estate.

      The issue of a Bankruptcy Court's jurisdiction to preside over post-judgment collection efforts has been the subject of considerable discussion for many years, including a 2000 article drafted by the Honorable Alan M. Ahart at 74 Am. Bankr. L.J. 115 (a copy of which is attached for the Court's convenience). More recently, the Honorable Mindy A. Mora addressed the matter in *Halpern v. Kuskin* (a copy of which is also attached), ultimately determining that the court did not have subject matter jurisdiction to enforce an underlying judgment. No. MC 18-00101-MAM, 2019 WL 311011 (S.D. Fla. Jan. 18, 2019). This is consistent with other precedent including *In re Sieger*, 200 B.R. 636, 639 (Bankr. N.D. Ind. 1996) (once a bankruptcy court enters judgment concerning a non-dischargeable debt, "the court's jurisdictional mission has been fulfilled. Proceedings designed to collect that judgment are not a bankruptcy concern and serve no bankruptcy purpose. They will involve only the successful creditor, the now post-bankruptcy debtor and its post-bankruptcy assets. [T]here is no reason for the bankruptcy court's jurisdiction to linger.") (internal quotations and citations omitted).

      And while there appears to be an absence of Second Circuit authority directly on point, there is at least one notable example supporting Mr. Bagbag's position in *Langella v. Weisz*, 39 B.R. 615 (E.D.N.Y. 1984). In *Langella*, a creditor sought federal court jurisdiction to pursue collection of a Bankruptcy Court judgment against the judgment-debtor and others. In declining to find

**ABRAMS** A F **FENSTERMAN**
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
Attorneys at Law

jurisdiction, the court noted that if there had still been an estate, then a Bankruptcy Court may have had jurisdiction to preside over collection efforts, explaining:

> Nevertheless, if the original bankruptcy case were still pending this matter might properly be referred to the bankruptcy court pursuant to 28 U.S.C. Section 1471(e), on the ground that estate in bankruptcy would still be under its control. There is no indication, however, that the bankruptcy case is still open and the bankruptcy court has jurisdiction over the estate. . .
>
> Finally, to address what appears to be the essence of plaintiffs' jurisdictional argument, **merely because a federal bankruptcy court entered judgment upholding the plaintiffs' rights as creditors does not mean there is federal jurisdiction**. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement District No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). There is no allegation that the judgment plaintiff-creditors seek to enforce was based on an application of federal law. **The former federal adjudication does not transform a matter that, taken alone and on its face, is a state cause of action into a federal question.** In short, there must be more than the hovering shadow of an earlier bankruptcy proceeding to sustain jurisdiction based on a federal bankruptcy law question.

*Id.* at 618–19 (emphasis added).

In this matter, there is no longer an estate in existence which could conceivably be affected by this proceeding. Indeed, the original case and all of the associated cases are closed. This is the text-book definition of a two-party dispute, neither of which are still a party in an active case before this Court. Moreover, and perhaps even more importantly, the judgment creditor, Summa Capital Corp. ("Summa Capital"), may avail itself of the New York State courts – which notably, it already did when it had the judgment docketed in two counties. And while Mr. Bagbag acknowledges this Court's familiarity with the parties here, New York State courts are well versed in collection issues, especially the discovery disputes raised by Summa Capital's letter. As Summa Capital has already docketed the judgment at hand in the New York State court, these alleged post-judgment discovery disputes should proceed in that forum.

Aside from the jurisdictional issue, the efforts of Summa Capital to conduct post-judgment discovery in this bankruptcy proceeding may violate the Stipulation and Order Regarding Discharge Under 11 U.S.C. § 727 and Dischargeability Under 11 U.S.C. § 523 of Certain Claims, dated June 8, 2010 and entered on June 9, 2010, in the bankruptcy action (the "Stipulation") (ECF Dkt. No. 104).

The Stipulation is entirely consistent with the boundaries of this Court's jurisdiction outlined *supra*. It clearly states that "Summa shall not . . . (b) *seek to collect the aforesaid debt within this proceeding except to the extent a distribution is made by the Trustee*." *See* Stipulation ¶ 6(b) (emphasis added). Furthermore, paragraph 6(c) of the Stipulation makes clear that any motion by Summa Capital in the bankruptcy proceeding seeking to compel a response to or otherwise enforce any of Summa Capital's post-judgment discovery demands is prohibited. *See id.* ¶ 6(c) ("Summa

# ABRAMS AF FENSTERMAN
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
Attorneys at Law

shall not . . . (c) make any motion to examine any party, including the Debtor, or to recover any property.").

Finally, paragraph 7 of the Stipulation makes clear that post-judgment enforcement efforts, if any, would be had outside of the bankruptcy proceeding. *See id.* ¶ 7 ("Summa shall refrain from enforcing the Judgment *in any state or other federal court* prior to the earlier of the time that that the (a) Debtor receives a discharge in this case, (b) this case is dismissed, or (c) twelve months from the date hereof; provided that the foregoing shall not prohibit Summa from docketing the Judgment *in records of the clerk of any other court*.") (emphasis added).

For all of these reasons, it is respectfully submitted that this Court should find that it lacks subject matter jurisdiction over this post-judgment collection dispute matter.

Respectfully submitted,

/s/ Maureen T. Bass
Maureen T. Bass

Cc:   All counsel of record via ECF

3

ENFORCING NONDISCHARGEABLE MONEY JUDGMENTS..., 74 Am. Bankr. L.J. 115

20-01185-mew    Doc 22    Filed 04/29/21    Entered 04/29/21 17:26:05    Main Document
                                   Pg 4 of 20

**74 Am. Bankr. L.J. 115**

**American Bankruptcy Law Journal**
Spring, 2000

**Articles**
Honorable Alan M. Ahart[a1]

Copyright (c) 2000 Alan M. Ahart

**\*115  ENFORCING NONDISCHARGEABLE MONEY JUDGMENTS: THE BANKRUPTCY COURTS' DUBIOUS JURISDICTION**

Every year several hundred thousand bankruptcy cases are commenced by individuals seeking to discharge their debts. However, federal bankruptcy law provides that certain debts survive an individual's discharge.[1] The debts that are not discharged are generally described in eighteen paragraphs of Section 523(a) of the Bankruptcy Code.[2] Debts listed in fourteen of these paragraphs are excepted from discharge without any court determination,[3] although, if there is a dispute as to the nature of a debt, a court may ultimately be called upon to declare the debt is or is not defined in one of these fourteen paragraphs. The debts described in the other four paragraphs—paragraphs (2), (4), (6) and (15)—will, however, be discharged *unless*, at the request of the creditor owed the debt, the court determines such debt to be excepted from discharge.[4] Such a request must be made by filing a lawsuit in the bankruptcy court.[5] If such an action is not timely filed, any debt that would have survived discharge under Bankruptcy Code Section 523(a)(2), (4), (6) or (15) will be discharged.[6]

Consequently, many actions are filed in the nation's bankruptcy courts to  **\*116**  determine debts to be nondischargeable. Most of these lawsuits not only ask the court to except particular debt(s) from discharge, but also to enter a money judgment against the debtor for the amount of the debts. The bankruptcy court has jurisdiction to determine the dischargeability of debts[7] and, in fact, has exclusive jurisdiction of actions under Sections 523(a)(2), (4), (6) and (15) of the Bankruptcy Code.[8] The bankruptcy court also generally has jurisdiction to enter a money judgment in conjunction with a finding that the debt is not discharged.[9] If such a money judgment is rendered and the debtor refuses to pay the judgment, the judgment creditor will want to enforce the judgment. However, before such a judgment is enforced— indeed before even an action to have a debt declared nondischargeable is filed—a creditor and its counsel should be aware of the bankruptcy court's uncertain jurisdiction to *enforce* a money judgment obtained in the action.

This article will analyze the possible jurisdictional grounds for enforcing a nondischargeable money judgment, including statutory bankruptcy jurisdiction, supplemental jurisdiction, ancillary jurisdiction, retained jurisdiction, and enforcement jurisdiction over a stipulated judgment. The analysis will demonstrate that a bankruptcy court may not have subject matter jurisdiction to enforce a nondischargeable money judgment against a debtor, and that  **\*117**  judgment creditors would be well advised to enforce such a judgment in state court instead.

## I. STATUTORY BANKRUPTCY JURISDICTION

### A. Jurisdiction Under Title 28

Section 1334 of Title 28[10] vests the *district court* with (1) exclusive jurisdiction of all cases under the Bankruptcy Code, and (2) nonexclusive jurisdiction of civil proceedings arising under the Bankruptcy Code and of civil proceedings arising in or related to bankruptcy cases.[11] Pursuant to Section 157 of Title 28,[12] each district court has referred virtually all such cases and

ENFORCING NONDISCHARGEABLE MONEY JUDGMENTS:..., 74 Am. Bankr. L.J. 115

20-01185-mew    Doc 22    Filed 04/29/21    Entered 04/29/21 17:26:05    Main Document
                                Pg 5 of 20

proceedings to the bankruptcy judges for that district.[13] A bankruptcy "case" is "the case upon which all of the proceedings which follow the filing of a petition are predicated."[14] A "proceeding" is defined in the broadest sense to mean anything or everything that occurs in a bankruptcy case, including issues that may arise after a bankruptcy case is closed.[15] If each at *118 tempt to enforce a nondischargeable money judgment against the debtor is considered a separate "proceeding,"[16] then jurisdiction must be established anew each time a different enforcement step is taken.

A bankruptcy judge may hear and determine all bankruptcy cases and all core proceedings arising under the Bankruptcy Code, or arising in a bankruptcy case, and may enter appropriate orders and judgments.[17] Core proceedings generally involve causes(s) of action created or determined by statutory provisions of the Bankruptcy Code, or are administrative matters arising only in bankruptcy cases.[18] Examples of core proceedings include determinations of the discharge ability of particular debts and any other proceedings affecting the liquidation of estate assets or the adjustment of the debtor-creditor relationship.[19] A bankruptcy judge may also, with the consent of the parties, hear and determine and enter appropriate judgments in noncore proceedings that are nevertheless related to a bankruptcy case.[20] Noncore proceedings do not involve substantive rights created by the Bankruptcy Code and can exist outside of bankruptcy.[21] A noncore proceeding is generally related to a bankruptcy case if the outcome of the proceeding could conceivably affect the estate being administered in bankruptcy.[22]

A proceeding to enforce a nondischargeable money judgment against the debtor clearly is not the bankruptcy case itself (nor the petition initiating the *119 case),[23] and should not involve any property of the estate.[24] Inasmuch as such a proceeding virtually always is an action to collect a money judgment pursuant to state law procedure,[25] and does not require interpretation of any provision of the Bankruptcy Code, it does not *arise under* the Bankruptcy Code. Nor is such a proceeding an administrative matter, as it is not an action to collect, liquidate or distribute estate property, to determine claims against the estate, or to grant, deny or revoke the debtor's discharge. Similarly, except perhaps where the case remains open and any monies the judgment creditor receives from the enforcement proceeding reduces the dividend the creditor would otherwise be paid from estate property, the outcome of such a proceeding could not conceivably affect the estate being administered in bankruptcy. Therefore, it seems that a bankruptcy court ordinarily will have no jurisdiction under Title 28 to enforce a nondischargeable money judgment against the debtor.

The case law is in accord with this conclusion. In *Edwards v. Sieger (In re Seiger)*[26] the debtor stipulated to a nondischargeable money judgment. After the judgment was entered and the bankruptcy case had been closed, the judgment creditor filed a motion for proceeding supplemental, seeking a garnishment order directed to the debtor's employer.[27] The bankruptcy court stated:

> [It has] the undeniable jurisdiction to determine the dischargeability of a debtor's obligations to creditors. In doing so, it may also determine the amount of any nondischargeable debt and enter an appropriate money judgment. Nonetheless, once this is done the court's jurisdictional mission has been fulfilled. Proceedings designed to collect that judgment are not a bankruptcy concern and serve no bankruptcy purpose. They will involve only the successful creditor, the now postbankruptcy debtor and its postbankruptcy assets. "There is no reason for the bankruptcy court's jurisdiction to linger."[28]

*120 Similarly, in *HOC, Inc. v. McAllister (In re McAllister)*[29] a nondischargeable money judgment was entered against the debtor, and thereafter the judgment creditor sought to garnish the debtor's wages by obtaining a judgment against the debtor's employer. The bankruptcy court found that it had no Title 28 jurisdiction over the garnishment proceeding because it did not arise under the Bankruptcy Code or arise in a bankruptcy case and was not related to a bankruptcy case.[30]

In *Langella v. Weisz*[31] plaintiffs obtained nondischargeable judgments in various sums. They then filed a lawsuit in federal district court against the debtor and other defendants, alleging that the debtor was fraudulently shielding his assets with the aid of the other named defendants to avoid execution of the bankruptcy court judgment.[32] The district court noted that the plaintiffs had not sought adjudication by the bankruptcy court, and had not shown the existence of any current bankruptcy court jurisdiction over the estate.[33] The district court stated that the cause of action appeared to be grounded in state tort law or a state statute governing fraudulent conveyances[34] and that the plaintiffs had also failed to establish that a federal statute had been violated.[35] The court granted the debtor's motion to dismiss for lack of subject matter jurisdiction.[36]

Finally, in *Bass v. Denney (In re Bass)*[37] the debtor entered into a stipulated nondischargeable $734,000 judgment in the Bankruptcy Court for the District of Utah. The judgment creditors registered an authenticated copy of *121 this judgment with the Bankruptcy Court for the Northern District of Texas and, after the Utah bankruptcy case was closed, filed suit in the Texas bankruptcy court against the trustees of a trust from which the debtor was receiving about $300,000 each year. These creditors sought an injunction requiring the trustees to give them advance notice of any distribution to be made to the debtor.[38] The Fifth Circuit Court of Appeals found that the bankruptcy estate did not exist because the Utah case had been closed, and therefore any recovery from the trust would not accrue to the bankruptcy estate.[39] The Fifth Circuit held, *inter alia*, that the Bankruptcy Court for the Northern District of Texas had neither "related to"[40] nor core jurisdiction.[41]

These cases indicate that a bankruptcy court has no jurisdiction under Title 28 over a wage garnishment proceeding or a new lawsuit against a third party to enforce a nondischargeable money judgment against the debtor. If the bankruptcy court has no Title 28 jurisdiction over such a wage garnishment proceeding, then it must not have jurisdiction under Title 28 to enforce a nondischargeable money judgment by such customary procedures as levying a writ of execution, obtaining a judgment lien, convening a judgment debtor examination, or procuring an assignment of future payments owed to the judgment debtor. Similarly, if a bankruptcy court has no Title 28 jurisdiction over a new lawsuit against a third party to enforce a nondischargeable money judgment against the debtor, it cannot have jurisdiction of a new action against either a creditor of the judgment debtor or a transferee of a fraudulent transfer from the judgment debtor.

**B. Jurisdiction Under Section 523 of the Bankruptcy Code**

Before enactment of the Bankruptcy Code in 1978, the Bankruptcy Act of 1898,[42] as amended (the "1898 Act") was the governing bankruptcy statute. Section 17(c)(3) of the 1898 Act provided in pertinent part:

> The court shall determine the dischargeability of any debt for which an application for such determination has been filed, shall make such orders as are necessary to protect or effectuate a determination that any debt is dischargeable and, if any debt is determined to be nondischargeable, shall determine the remaining issues, render judgment, and *make all orders necessary for the enforcement thereof*.[43]

Thus, under former law the bankruptcy court was specifically empowered to issue any orders necessary to enforce a nondischargeable money judgment against the debtor.[44]

*122 The successor to Section 17 of the 1898 Act is Section 523 of the Bankruptcy Code.[45] While Section 523 is quite similar in many respects to former Section 17, it has no language that authorizes the bankruptcy court to make any orders to enforce a nondischargeable judgment. Consequently, one can conclude that Congress did not intend to vest the bankruptcy court with the power to enforce nondischargeable judgments in either Title 28 or the Bankruptcy Code.[46]

ENFORCING NONDISCHARGEABLE MONEY JUDGMENTS:..., 74 Am. Bankr. L.J. 115

20-01185-mew    Doc 22    Filed 04/29/21    Entered 04/29/21 17:26:05    Main Document
                                    Pg 7 of 20

## II. SUPPLEMENTAL JURISDICTION

In the *HOC, Inc. v. McAllister (In re McAllister)* case, the judgment creditor asked for judgment against the employer for the *full amount* of the nondischargeable money judgment against the debtor, even though the amount of this judgment vastly exceeded the wages the employer owed to the debtor.[47] The bankruptcy court said that supplemental jurisdiction over the employer was somewhat questionable.[48] Likewise, in the *Bass v. Denney (In re Bass)* case the Fifth Circuit noted that in a previous decision, *Walker v.* **\*123** *Cadle Co. (In re Walker)*,[49] it had held that bankruptcy courts cannot exercise supplemental jurisdiction.[50] The Fifth Circuit so held because invoking supplemental jurisdiction could subsume the more restrictive "related to" and "arising in" jurisdiction such that the latter would be rendered substantially superfluous.[51]

Supplemental jurisdiction has been codified in Section 1367 of Title 28.[52] This section provides, in material part, that in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims within such original jurisdiction that they are a part of the same "case or controversy" under Article III of the Constitution.[53] This section vests supplemental jurisdiction in the district courts, not the bankruptcy courts,[54] and there is no other statute permitting a district court to refer its supplemental jurisdiction to the bankruptcy judges for the district. Because bankruptcy judges are not Article III judges,[55] they are not authorized to adjudicate a "case or controversy" under Article III of the Constitution. In any event, a proceeding to enforce a nondischargeable money judgment against a debtor does not appear to present any claims so related to the claims embodied in the judgment that they form part of the same "case or controversy." Consequently, a bankruptcy court should not have supplemental jurisdiction over a proceeding to enforce such a judgment.[56]

## III. RETAINED JURISDICTION

In the *Bass v. Denney (In re Bass)* case, the Fifth Circuit found that the bankruptcy court had not retained jurisdiction to hear and determine the **\*124** postjudgment enforcement action.[57] Since the underlying case was closed before the action was filed, "there was no proceeding over which bankruptcy court jurisdiction could be 'retained.'"[58] The Supreme Court has said that federal courts have only the power authorized by the Constitution and statute, and that this power cannot be expanded by judicial decree.[59] Therefore, regardless whether a proceeding to enforce a nondischargeable judgment against the debtor is filed before the bankruptcy case is closed, the bankruptcy court cannot expand its jurisdiction by inserting a provision in the judgment stating that it shall retain jurisdiction to enforce the judgment.[60]

The Fifth Circuit in *Bass* also observed that, even if the bankruptcy court had tried to retain jurisdiction, such jurisdiction could not have extended beyond the scope of "related to" jurisdiction.[61] In other words, a provision in a bankruptcy court judgment furnishes no independent jurisdictional basis for enforcing the judgment.

## IV. ANCILLARY JURISDICTION

The Supreme Court has also stated: "The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute."[62] Ancillary jurisdiction is a common law doctrine[63] that, as pertinent here, "enable[s] a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."[64] Since a bankruptcy court's jurisdiction is restricted by statute, it appears that a bankruptcy court cannot invoke the doctrine of ancillary jurisdiction to enforce a nondischargeable judgment against the debtor.[65]

20-01185-mew    Doc 22    Filed 04/29/21    Entered 04/29/21 17:26:05    Main Document
Pg 8 of 20

ENFORCING NONDISCHARGEABLE MONEY JUDGMENTS:..., 74 Am. Bankr. L.J. 115

*125 "Ancillary enforcement jurisdiction is, at its core, a creature of necessity."[66] Decisions holding that bankruptcy courts may invoke ancillary jurisdiction note that, if the underlying bankruptcy case is closed, the general rule is that the bankruptcy court will not assert ancillary jurisdiction.[67] These decisions also find that ancillary jurisdiction may be "applied only in unusual circumstances and is strictly limited to cases where the non-bankruptcy forum cannot provide adequate relief or where other equitable factors require the bankruptcy court to exercise ancillary jurisdiction."[68]

The Uniform Enforcement of Foreign Judgments Act ("UEFJA")[69] provides an expedited optional procedure for the holder of a federal court judgment to enforce the judgment in a state court.[70] If the creditor with a nondischargeable money judgment against the debtor can utilize this procedure, it seems that the bankruptcy court would have no ancillary jurisdiction to enforce its judgment because the state court furnishes adequate relief.

The UEFJA has been adopted by the District of Columbia and all of the states, except for California and Indiana. However, the expedited procedure for enforcing a federal court judgment cannot be employed in Connecticut or New York if the federal court judgment was obtained by default in appearance or confession of judgment.[71] A different New York statute does permit a transcript of a judgment rendered within New York by a United States *126 Court to be filed in the office of a county clerk,[72] which judgment can then be enforced pursuant to New York law. Therefore, assuming arguendo that a bankruptcy court is vested with ancillary jurisdiction, it is clear in most states and the District of Columbia that the bankruptcy court has no ancillary jurisdiction to enforce a nondischargeable money judgment except where equitable factors require otherwise. Only in Connecticut where such judgment is a default or confessed judgment and in California and Indiana[73] can a serious argument be made that the bankruptcy court may invoke ancillary jurisdiction to enforce a nondischargeable money judgment.

**V. JURISDICTION TO ENFORCE A STIPULATED JUDGMENT**

In *Kokkonen v. Guardian Life Ins. Co. of America*,[74] the Supreme Court held that a federal district court lacked jurisdiction to enforce a settlement agreement reached in conjunction with dismissal of a lawsuit where the district court neither reserved jurisdiction nor had independent jurisdiction to enforce the agreement. The Supreme Court noted:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.[75]

Thus, if breach of a settlement agreement would violate the dismissal order, the district court would have ancillary jurisdiction to enforce the agreement. Similarly, if a district court judgment incorporates the terms of a stipulated settlement or expressly retains jurisdiction over such a settlement, the district court clearly would have ancillary jurisdiction to enforce the agreed judgment.

The issue, of course, is whether the bankruptcy court would have ancillary jurisdiction over a stipulated nondischargeable money judgment against the debtor. As mentioned above, a retention of jurisdiction provision in such *127 a judgment does not by itself vest the bankruptcy court with jurisdiction to enforce the judgment.[76] A retention of jurisdiction provision is a form of ancillary jurisdiction,[77] but it has already been shown that the bankruptcy court probably cannot invoke ancillary jurisdiction.[78] Furthermore, we have also seen that a retention of jurisdiction provision cannot extend the bankruptcy court's jurisdiction beyond the scope of statutory "related to" jurisdiction.[79] For all of these reasons it is unlikely that a bankruptcy court will have jurisdiction to enforce a stipulated nondischargeable money judgment against the debtor.

**CONCLUSION**

It is highly doubtful whether a bankruptcy court has jurisdiction to enforce a consensual or nonconsensual nondischargeable money judgment entered against a debtor. Postjudgment jurisdiction appears especially precarious where enforcement efforts occur after the underlying case is closed.[80] Before filing a nondischargeable action against the debtor, a creditor who is not the beneficiary of a prepetition judgment[81] should consider the jurisdictional issues associated with enforcement of a money judgment rendered against the debtor in the action. If the nondischargeability action does *not* arise under Bankruptcy Code Section 523(a)(2), (4), (6) or (15), the complaint should be filed in state court where concurrent jurisdiction lies.[82] ***128** However, if the nondischargeability action is premised upon § 523(a)(2), (4), (6) or (15), the creditor must file the lawsuit in the bankruptcy court. Such a creditor should be willing to agree to a stipulated judgment with the debtor in hopes that the debtor will voluntary repay the amount of the judgment. If a settlement cannot be achieved, the creditor ordinarily must be prepared to enforce its bankruptcy court money judgment in state court. If the bankruptcy court sits in California, Connecticut or Indiana,[83] the judgment creditor may be required to file an entirely new lawsuit in state court, obtain another money judgment against the debtor, and then enforce this judgment under state law.

Footnotes

[a1]    United States Bankruptcy Judge, Central District of California. The copyright to this article is retained by the author.

[1]    *See* 11 U.S.C. §§ 523(a), 1141(d)(2), 1228(a), (c), 1328(a), (c) (1994).

[2]    The Bankruptcy Code is found in Title 11 of the United States Code at Sections 101 *et seq.*
In a chapter 13 case in which the debtor receives a discharge after making all payments under the plan, generally the *only* debts that survive the discharge are those described in 11 U.S.C. § 523(a)(5), (8) and (9), certain long term debts that were cured under the plan, and debts for restitution or a criminal fine included in a sentence on the debtor's conviction of a crime. 11 U.S.C. § 1328(a) (1994).

[3]    *See* 11 U.S.C. § 523(a) (1994). In a chapter 13 case where the debtor completes all payments under the plan, the debts that survive discharge do so without *any* court determination. *See* 11 U.S.C. §§ 523(b), 1328(a) (1994).

[4]    11 U.S.C. § 523(c)(1) (1994). A federal depository institution regulatory agency, acting as a conservator, receiver or liquidating agent for an insured depository institution, that seeks to recover a debt described in § 523(a)(2), (4) or (6), need not make such a request under specified circumstances. 11 U.S.C. § 523(c)(2) (1994).

[5]    *See* Fed. R. Bankr. P. 4007, 7001 (6).

[6]    11 U.S.C. § 523(c)(1) (1994). If legislation pending in Congress is enacted, the scope of the § 523(a)(15) exception to discharge would be broadened, and no timely action would have to be filed in the bankruptcy court to have a debt described in § 523(a)(15) survive discharge. H.R. 833, 106th Cong. § 142 (1999); S. 625, 106th Cong. § 215 (1999).

[7]    *See* 28 U.S.C. §§ 157(a), (b)(2)(I), 1334 (b) (1994).

[8]    Pelletier v. Donald (*In re* Donald), 240 B.R. 141, 146 (B.A.P. 1st Cir. 1999); Davis v. Massey (*In re* Massey), 228 B.R. 686, 690 (Bankr. S.D. Ind. 1998); *In re* Taibb, 213 B.R. 261, 273 (Bankr. E.D.N.Y. 1997); Stewart v. Cogswell Motors, Inc. (*In re* Stewart), 208 B.R. 921, 923 (Bankr. E.D. Ark. 1997); Saler v. Saler (*In re* Saler), 205 B.R. 737 (Bankr. E.D. Pa. 1997), aff'd., 217 B.R. 166 (E.D. Pa. 1998); Richard v. Richards (*In re* Richards), 131 B.R. 76, 78 (Bankr. S.D. Ohio 1991) (Bankruptcy Code provides at § 523(c) that certain dischargeability grounds are within the bankruptcy court's exclusive jurisdiction).
If pending legislation becomes law, the bankruptcy court would no longer have exclusive jurisdiction over § 523(a)(15) actions. *See supra* note 6.

[9]    Cowen v. Kennedy (*In re* Kennedy), 108 F.3d 1015, 1018 (9th Cir. 1997); Longo v. McLaren (*In re* McLaren, 3 F.3d 958, 966 (6th Cir. 1993) (holding that amount of debtor's liability was properly determined by the bankruptcy court as part of an action to

ENFORCING NONDISCHARGEABLE MONEY JUDGMENTS..., 74 Am. Bankr. L.J. 115

20-01185-mew    Doc 22    Filed 04/29/21    Entered 04/29/21 17:26:05    Main Document
                                        Pg 10 of 20

have the debt determined nondischargeable); N.I.S. Corp. v. Hallahan (*In re* Hallahan), 936 F.2d 1496, 1508 (7th Cir. 1991) (opining that it is preferable to permit bankruptcy courts ruling on dischargeability to adjudicate the issues of liability and damages also); Simek v. Erdman (*In re* Erdman), 236 B.R. 904, 910 (Bankr. D.N.D. 1999) (concluding that where a specific sum is determined to be nondischargeable, the claim becomes liquidated to that extent, and a monetary judgment should be entered); Builders Steel Co., Inc. v. Heidenreich (*In re* Heidenreich), 216 B.R. 61, 63 (Bankr. N.D. Okla. 1998) (holding that court has jurisdiction to enter monetary judgments in adversary proceedings brought to determine dischargeability of debts); Valencia v. Lucero (*In re* Valencia), 213 B.R. 594 (D. Colo. 1997) (concluding that bankruptcy court has jurisdiction to quantify damages and enter a money judgment in a dischargeability proceeding); Citibank (South Dakota), N.A. v. Fisher (*In re* Fisher), 186 B.R. 70, 71 (Bankr. E.D. Tex. 1995) (holding that bankruptcy court has jurisdiction under 28 U.S.C. § 157(b)(1) to render a money judgment in a dischargeability proceeding); Harris v. U.S. Fire Ins. Co., 162 B.R. 466, 469 (E.D. Va. 1994) (concluding that bankruptcy court has jurisdiction to enter a money judgment in a dischargeability proceeding).

10   28 U.S.C. § 1334 (1994) (emphasis added).

11   The district court in which a bankruptcy case is commenced or is pending also has exclusive jurisdiction of property of the debtor when the case is commenced and of property of the estate. 28 U.S.C. § 1334(e) (1994).

12   28 U.S.C. § 157 (1994).

13   *See* 28 U.S.C. § 157(a) (1994). This statute does not mention either property of the debtor when the case is commenced or property of the estate. Although this "omission" could mean that jurisdiction of such property remains in the district court, elsewhere the statute says that bankruptcy judges may hear and determine particular core proceedings regarding property and property of the estate. *See* 28 U.S.C. § 157 (b)(2)(B), (E), (M), (N) (1994). Moreover, the bankruptcy judge will effectively have jurisdiction over property of the debtor when the case is commenced and property of the estate by virtue of the judge's jurisdiction over all the other enumerated bankruptcy matters.
Bankruptcy judges do not have jurisdiction to try personal injury or wrongful death claims. *See* 28 U.S.C. § 157(b)(5) (1994).

14   Wayne Film Sys. Corp. v. Film Recovery Sys. Corp., 64 B.R. 45, 49 (N.D. Ill. 1986); *see also In re* Hudson Oil Co., Inc., 68 B.R. 735, 736 (D. Kan. 1986) ("A 'case under Title 11' is the case begun by the filing of the bankruptcy and the case upon which all of the proceedings which follow the filing of a petition are predicated'") (citation omitted); *In re* Blue Diamond Coal Co., 163 B.R. 798, 805 (Bankr. E.D. Tenn. 1994) ("case under Title 11" refers to the bankruptcy case itself, which is initiated by filing a petition) (citations omitted); Matter of Hanks, 182 B.R. 930 (Bankr. N.D. Ga. 1995) (same). A "case" is also "the basis for taking control of all pertinent interests in property, dealing with that property, determining entitlements to distributions, the procedures for administering the mechanism, and discharging the debtor." Menk v. Lapaglia (*In re* Menk), 241 B.R. 896, 908. (B.A.P. 9th Cir. 1999).
On the other hand, some courts have said that a case under the Bankruptcy Code refers merely to the bankruptcy petition itself. Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc. (*In re* Wolverine Radio Co., Inc.), 930 F.2d 1132, 1141 (6th Cir. 1991); Wood v. Wood (*In re* Wood), 825 F.2d 90, 92 (5th Cir. 1987); *In re* Marcus Hook Dev. Park, Inc., 943 F.2d 261, 264 (3rd Cir. (1991); Poplar Run Five Ltd. Partnership v. Virginia Elec. & Power Co. (*In re* Poplar Run Five Ltd. Partnership), 192 B.R. 848, 855 (Bankr. E.D. Va. 1995).

15   *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 445 (Sept. 8, 1977), S. Rep. No. 989, 95th Cong., 2nd Sess. 153 (July 14, 1978). According to the Sixth Circuit, "the term 'proceeding' is used to refer to the steps within the 'case' and to any subaction within the case that may raise a disputed or litigated matter." *In re* Wolverine Radio Co., 930 F.2d 1132 at n.14 (citation omitted). *See also In re* Menk, 241 B.R. at 909 ("virtually every act a bankruptcy judge is called upon to perform in a judicial capacity is a 'civil proceeding' within § 1334(b)."). A proceeding under bankruptcy law has also been defined as "A particular dispute or matter arising within a pending case — as opposed to the case as a whole." Black's Law Dictionary 1221 (7th ed. 1999).

16   My colleague, Vincent P. Zurzolo, United States Bankruptcy Judge, Central District of California, has argued that the word "proceeding" in 28 U.S.C. §§ 157 and 1334 includes not only an action resulting in a money judgment, but also typical efforts to enforce the judgment, such as levying a writ of execution, recording a judgment lien, or garnishing a bank account. If this is correct, then the bankruptcy court generally would have statutory jurisdiction to enforce a nondischargeable money judgment against the debtor. None of the reported decisions that has dealt with the bankruptcy court's jurisdiction to enforce nondischargeable money judgments discusses the definition of "proceeding."

17   *See* 28 U.S.C. § 157(b)(1), (2) (1994).

[18]   Maitland v. Mitchell (*In re* Harris Pine Mills), 44 F.3d 1431, 1435-36 (9th Cir. 1995), *cert. denied* 515 U.S. 1131 (1995).

[19]   28 U.S.C. § 157(b)(2) (I), (O) (1994).

[20]   *See* 28 U.S.C. § 157(c) (1994).

[21]   Eastport Assoc. v. City of Los Angeles (*In re* Eastport Assocs.), 935 F.2d 1071, 1076 (9th Cir. 1991).

[22]   This is the test for determining "related to" jurisdiction devised by the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984). All of the other circuits, except the Second and Seventh Circuits, have adopted this test with little or no variation. *See* Celotex Corp. v. Edwards, 514 U.S. 300, 308-09 n.6 (1995). The test for "related to" jurisdiction in the Second Circuit is whether the outcome of the proceeding would have any conceivable effect on the estate or whether the proceeding has a significant connection to the case. Publicker Industries v. United States (*In re* Cuyahoga Equip. Corp.), 980 F.2d 110, 114 (2d Cir. 1992). The test in the Seventh Circuit is whether the proceeding would affect the amount of property available for distribution or the allocation of property among creditors. Elscint, Inc. v. First Wisconsin Fin. Corp. (*In re* Xonics, Inc.), 813 F.2d 127, 131 (7th Cir. 1987).

[23]   *See supra* note 14 and accompanying text. *See also* Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc. (*In re* Wolverine Radio Co., Inc.), 930 F.2d 1132 at n.14 (a motion to enforce an order confirming a Chapter 11 plan of reorganization is best characterized as a "proceeding," not a "case").

[24]   Since the judgment is against the debtor, not the trustee or debtor in possession as representative of the bankruptcy estate, the judgment can be collected only from the debtor and the debtor's property, not from property of the bankruptcy estate.

[25]   Unless a federal statute governs, the procedure for enforcing a bankruptcy court money judgment must be in accordance with the practice and procedure of the state where the court is held. *See* Fed. R. Bankr. P. 7069.

[26]   200 B.R. 636 (Bankr. N.D. Ind. 1996).

[27]   *Id.* at 637.

[28]   *Id.* at 639 (citation omitted).

[29]   216 B.R. 957 (Bankr. N.D. Ala. 1998).

[30]   *See id.* at 964-68. The *McAllister* court also found that, because it had no Title 28 jurisdiction over the enforcement proceeding, under Federal Rule of Bankruptcy Procedure 7004(f) the court could not exercise personal jurisdiction over the debtor's employer in order to garnish the debtor's wages. *Id.* at 975. Federal Rule of Bankruptcy Procedure 7004(f) provides that, if the exercise of jurisdiction is consistent with the Constitution and federal law, serving a summons or filing a waiver of service in accordance with the Rule or with the applicable provision(s) of Federal Rule of Civil Procedure 4 is effective to establish personal jurisdiction over the person of any defendant where the court has jurisdiction under Title 28. However, Federal Rule of Bankruptcy Procedure 7004(f) does not state that it provides the *exclusive* means of obtaining personal jurisdiction. Nor would it prevent exercise of personal jurisdiction where the bankruptcy court's subject matter jurisdiction is not predicated upon Title 28 jurisdiction (e.g. supplemental or ancillary jurisdiction). Also, Federal Rules of Bankruptcy Procedure 9001 and 9030 provide that none of the Federal Rules of Bankruptcy Procedure shall be construed to limit the jurisdiction of bankruptcy judges. Furthermore, a Federal Rule of Bankruptcy Procedure cannot abridge, enlarge or modify any substantive right. 28 U.S.C. § 2075 (1994). Consequently, lack of Title 28 jurisdiction over a proceeding to enforce a nondischargeable money judgment against the debtor does not necessarily mean that the bankruptcy court also lacks the requisite personal jurisdiction.

[31]   39 B.R. 615 (E.D.N.Y. 1984).

[32]   *Id.* at 617.

[33]   *Id.* at 619.

[34]   *Id.* at 618.

[35]   *Id.* at 619.

36     *Id.*

37     171 F.3d 1016 (5th Cir. 1999).

38     *Id.* at 1019-21.

39     *Id.* at 1022-23.

40     *Id.*

41     *Id.* at 1025-26.

42     Bankruptcy Act of 1898, ch. 541, 30 Stat. 544 (repealed 1978).

43     11 U.S.C. § 35(c)(3) (repealed 1978) (emphasis added). The 1898 Act also expressly vested the district courts "with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in [[bankruptcy] proceedings ... to ... determine the dischargeability of debts, and render judgments thereon." 11 U.S.C. § 11(a)(12) (repealed 1978).

44     *See* Midwest Mutual Ins. Co. v. Shapiro (*In re* Shapiro), 22 B.R. 685, 688 (Bankr. E.D. Pa. 1982) (holding that if necessary, bankruptcy court may determine size of a nondischargeable debt, render judgment thereon, and decide any remaining issues); Strickland v. Roberts (*In re* Roberts), 460 F. Supp. 88, 93 (N.D. Ga. 1978) ("bankruptcy court has the power to determine the size of a nondischargeable debt, render judgment thereon and decide any remaining issues").

45     11 U.S.C. § 523 (1994).

46     *See* First Omni Bank, N.A. v. Thrall (*In re* Thrall), 196 B.R. 959, 965 (Bankr. D. Colo. 1996) ("Because Congress did not specifically direct bankruptcy courts to render judgments on nondischargeable debts and enforce them, as it had in § 17(c) of the [1898] Act, it appears that it did not desire them to do so.").
The Bankruptcy Code is based, in significant part, on a "Report of the Commission on the Bankruptcy Laws of the United States," H.R. Doc. No. 137, 93d Cong., 1st Sess. Parts I and II (1973). This Report included a draft of a new statute together with accompanying notes. Section 4-506 of this draft statute was entitled "Exceptions from Discharge; Determination of Dischargeability and Liability on Nondischargeable Debt." Subsections (c) and (d) of this section were entitled "Jurisdiction of the Court to Determine Dischargeability" and "Determination of Issues of Liability on a Nondischargeable Debt," respectively. These subsections were derived from § 17(c) of the 1898 Act. Note to § 4-506 at p. 142, ¶ 25. Subsection 4-506(d) stated that "If the court determines a debt to be nondischargeable in a proceeding commenced under this section, it shall determine any remaining issues concerning liability on the debt unless, for cause shown and in the interest of justice, the court suspends or declines the exercise of its jurisdiction." Given the similarity between this draft and the language of former § 17(c)(3), it seems that the writers of the draft statute, and of § 523 of the Bankruptcy Code, intended not to vest the bankruptcy court with any express power to enforce a nondischargeable judgment.

47     *See McAllister*, 216 B.R. 957, 972-73 n.13; *see supra* notes 29-30 and accompanying text.

48     *Id.*

49     51 F.3d 562 (5th Cir. 1995).

50     *See* Bass v. Denney (*In re* Bass), 171 F.3d 1016, 1024 (5th Cir. 1999); *see supra* notes 37-41 and accompanying text. According to the Fifth Circuit, inherent jurisdiction is now part of supplemental jurisdiction. *See id.*

51     171 F.3d at 1024. *See also* Southtrust Bank of Dothan, N.A. v. Alpha Steel Co., Inc. (*In re* Alpha Steel Co., Inc.), 142 B.R. 465, 471 (M.D. Ala. 1992) (concluding that a number of strong arguments could be made supporting the view that "related to" and "arising in" jurisdiction already allow bankruptcy courts to hear, to the extent Congress intended, all supplementary claims having a logical relationship to a bankruptcy case).

52     28 U.S.C. § 1367 (1993).

53     28 U.S.C. § 1367(a) (emphasis added).

54    *Id.; see also* Fisher v. Federal National Mortgage Ass'n (*In re* Fisher), 151 B.R. 895, 898-99 (Bankr. N.D. Ill. 1993); *In re* Alpha Steel Co., Inc., 142 B.R. at 471.

55    *See* Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 61 (1982) (stating bankruptcy judges are not Article III Judges).

56    Most of the other reported decisions have likewise found that the bankruptcy court may not exercise supplemental jurisdiction. *See*, for example, Goldstein v. Marine Midland Bank, N.A. (*In re* Goldstein), 201 B.R. 1, 6-7 (Bankr. D. Me. 1996); Halvajian v. Bank of N.Y., N.A., 191 B.R. 56, 58 (D.N.J. 1995); Boyajian v. DeLuca (*In re* Remington Dev. Group, Inc.), 180 B.R. 365, 371-75 (Bankr. D.R.I. 1995); *In re* Alpha Steel Co., Inc., 142 B.R. at 471.

57    171 F.3d 1016, 1025 (5th Cir. 1999).

58    *Id.*

59    Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted); *see also* Stoll v. Gottlieb, 305 U.S. 165, 171 (1938) ("A court does not have the power, by judicial fiat, to extend its jurisdiction over matters beyond the scope of the authority granted to it by its creators.").

60    Where the bankruptcy court retains jurisdiction over settlement of an action pursuant to an order dismissing the action, the court *may* possibly have jurisdiction to enforce a breach of the settlement. *See infra* notes 65-70 and accompanying text.

61    *See Bass*, 171 F.3d at 1025; *see also* Poplar Run Five Ltd. Partnership v. Virginia Elec. & Power Co. (*In re* Poplar Run Five Ltd. Partnership), 192 B.R. 848, 859 (Bankr. E.D. Va. 1995) ("a retained jurisdiction clause cannot grant subject-matter jurisdiction over a proceeding when the proceeding itself is already outside the jurisdictional boundaries defined by statute") (citations omitted).
Even if a bankruptcy court had the power to retain jurisdiction over a proceeding to enforce a nondischargeable money judgment, it could decline to do so. *See, e.g.*, Barrows v. Illinois Student Assistance Comm'n (*In re* Barrows), 182 B.R. 640, 653 (Bankr. D.N.H. 1994) (holding that retaining jurisdiction to supervise a nondischargeable judgment was not warranted after the court determined educational loans were not discharged).

62    Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995).

63    *See* Peacock v. Thomas, 516 U.S. 349, 354 n.5 (1996).

64    Kokkonen, 511 U.S. at 380 (citations omitted).

65    *See In re* Poplar Run Five Ltd. Partnership, 192 B.R. at 860 ("there are strong arguments supporting the view that the courts may exercise ancillary jurisdiction ... only when [it is] granted by statute") (citation omitted).
The Fifth Circuit in *Bass*, and other courts, have also noted that ancillary jurisdiction is now part of supplemental jurisdiction. *See* 171 F.3d at 1023; Artra Group, Inc. v. Salomon Brothers Holding Co., Inc. (*In re* Emerald Acquisition Corp.), 170 B.R. 632, 645-46 n.9 (Bankr. N.D. Ill. 1994) ("ancillary jurisdiction is subsumed by the term 'supplemental jurisdiction,'"); *see also* Matter of Hanks, 182 B.R. 930, 934 n.5 (Bankr. N.D. Ga. 1995) where the court cited to the supplemental jurisdiction statute as authority for the court to decline to exercise ancillary jurisdiction. However, the Supreme Court apparently believes that not all of the ancillary jurisdiction of a district court has been codified into supplemental jurisdiction. *See* Peacock v. Thomas, 516 U.S. 349, 354 n.5 (1996).

66    Peacock, 516 U.S. at 359 (citations omitted).

67    *See, e.g.*, Anderson v. Chester Housing Auth. (*In re* Anderson), 129 B.R. 44, 50 (Bankr. E.D. Pa. 1991) (concluding that if main case is closed the general rule is that the bankruptcy court will not exercise its jurisdiction).

68    *In re* Poplar Run Five Ltd. Partnership, 192 B.R. at 860 (citing Zerand-Bernal Group, Inc. v. Cox (*In re* Cary Metal Prods., Inc.), 158 B.R. 459, 464-65 (N.D. Ill. 1993), *aff'd*, 23 F.3d 159 (7th Cir. 1994). *See also In re* Courbat, 274 F. Supp. 1, 3 (N.D.N.Y. 1967) ("the [bankruptcy court's ancillary jurisdiction] is only to be exercised in the case of unusual circumstances where special embarrassment arises; and where there is no showing that the bankrupt has an inadequate remedy in the non-bankruptcy court, relief will be denied").

69    Unif. Enforcement of Foreign Judgments Act, 13 U.L.A. 149 (revised 1964).

70  *See* Unif. Enforcement of Foreign Judgments Act §§ 1, 2, 13 U.L.A. 152, 154 (revised 1964). These sections generally authorize filing of a federal court judgment with the clerk of the state court or other state office, and then enforcement of the judgment in manner like a judgment of the court of that state.

71  Conn. Gen. Stat. Ann. § 52-604 (1991); N.Y. Civ. Prac. Law and Rules § 5401 (McKinney 1997).

72  N.Y. Civ. Prac. Law and Rules § 5018(b) (McKinney 1992).

73  In California, Connecticut and Indiana, and in all other states and the District of Columbia as well, an action on a bankruptcy court judgment may be filed in nonbankruptcy court after the automatic stay has terminated. Once judgment is obtained on this judgment by, for example, a motion for summary judgment, there is a separate *nonbankruptcy* court judgment that can be enforced against the debtor.

74  511 U.S. 375, 381-82 (1994).

75  *Id.* at 381.

76  *See supra* notes 57-61 and accompanying text.

77  *See* 511 U.S. at 380-81.

78  *See supra* notes 62-73 and accompanying text.

79  *See supra* note 61 and accompanying text.

80  One court has observed that "[o]nce the administration of the bankruptcy case has ended, the relation to the case becomes so attenuated that § 1334(b) 'related to' jurisdiction presumptively expires unless the court specifically retains jurisdiction." Menk v. Lapaglia (*In re* Menk), 241 B.R. 896, 907 (B.A.P. 9th Cir. 1999). However, part of the 1983 Advisory Committee Note to Federal Rule of Bankruptcy Procedure 5010 states: "A judgment determined to be non-dischargeable pursuant to Rule 4007 may be enforced after a case is closed by writ of execution obtained pursuant to Rule 7069." On the other hand, if jurisdiction is a substantive right, a bankruptcy rule cannot abridge, enlarge or modify the right. *See* 28 U.S.C. § 2075 (1994).

81  A creditor that *has* a prepetition money judgment against the debtor should file an action in the bankruptcy court merely to have the judgment declared nondischargeable, and then return to state court to enforce the judgment after the bankruptcy court has entered an order declaring the debt excepted from discharge and the automatic stay has terminated. *See* Gertsch v. Johnson & Johnson Fin. Corp. (*In re* Gertsch), 237 B.R. 160, 172 (B.A.P. 9th Cir. 1999); Smith v. Lachter (*In re* Smith), 242 BR 694, 702-04 (B.A.P. 9th Cir. 1999); *see also* Heckert v. Dotson (*In re* Heckert), 226 B.R. 558, 560 (S.D. W.Va. 1998) (entry of money judgment in a nondischargeability action raises serious concerns where there is a preexisting state court judgment).

82  *See In re* Massey, 228 B.R. 686, 690 n.3 (Bankr. S.D. Ind. 1998); *In re* Perkins, 228 B.R. 431, 433 (Bankr. E.D. Mo. 1998); *In re* Taibb, 213 B.R. 261, 273 (Bankr. E.D.N.Y. 1997); Stewart v. Cogswell Motors, Inc. (*In re* Stewart), 208 B.R. 921, 923 (Bankr. E.D. Ark. 1997).
Generally, it is easier and more efficient to enforce a state court judgment than a bankruptcy court judgment. Subject matter jurisdiction should not be an issue in state court. State court clerks and levying officers, such as constables, marshals or sheriffs, are probably better versed and better equipped to process and enforce money judgments than their counterparts in the federal system. In state court ordinarily a judgment creditor may enforce a money judgment other than by writ of execution without first procuring a court order to that effect. *See* Fed. R. Bankr. P. 7069. If the judgment debtor or a third party does not appear for a court-ordered examination, there is little controversy that the state court judge may issue an order to the levying officer directing the officer to arrest the individual. The procedure for renewing a state court judgment is invariably set forth in state law, whereas it is unclear whether or how a bankruptcy court judgment may be renewed. Finally, a creditor holding a state court judgment may file a copy of the judgment in another state pursuant to the UEFJA even though the judgment is on appeal or the time for appeal has not expired without first obtaining, for good cause shown, a court order authorizing registration of the judgment in another jurisdiction.
On the other hand, depending upon the particular state involved, and the current interest rate environment, interest on a bankruptcy court judgment *may* accrue at a higher rate than on a state court judgment. Also, the holder of a bankruptcy court judgment can obtain postjudgment discovery under either the applicable state practice or under Fed. R. Bank. P. 7026-37.

83     A person interested in a money judgment rendered by a federal court of *general* original jurisdiction sitting in Indiana may have the judgment entered upon a circuit court judgment docket. Ind. Code § 33-17-2-3(d) (1996) (emphasis added). Any such judgment, once it becomes final, is a lien upon the judgment debtor's real property liable to execution in the Indiana county where the judgment has been duly entered and indexed as provided by law. Ind. Code § 34-55-9-2 (1998). Unless the bankruptcy court is a court of general jurisdiction, the holder of a nondischargeable bankruptcy court money judgment may not utilize this procedure to obtain a judgment or a judgment lien under Indiana law. *See* Borgman v. Aikens, 681 N.E.2d 213, 218 (Ind. Ct. App. 1997) ("Indiana judgment lien statute provides that a properly indexed federal court judgment becomes a lien."); Boyer v. Conte (*In re* Import & Mini Car Parts, Ltd., Inc.), 200 B.R. 857, 861 (Bankr. N.D. Ind. 1996) ("Indeed, Indiana has a statute by which the judgments of federal courts sitting in this state may be docketed with the circuit court."), *aff'd*, 203 B.R. 124 (N.D. Ind. 1996), *aff'd per curiam*, 97 F.3d 1454 (7th Cir. 1996) (unpublished table decision).

End of Document     © 2021 Thomson Reuters. No claim to original U.S. Government Works.

2019 WL 311011
United States Bankruptcy Court, S.D. Florida,
West Palm Beach Division.

Evan HALPERN, Plaintiff,

v.

Brad S. KUSKIN, Defendant.

Misc. Proc. No. 18-00101-MAM

|

Signed 01/18/2019

**Attorneys and Law Firms**

Eric C. Reed, Orlando, FL, for Plaintiff.

Julianne R. Frank, Jupiter, FL, for Defendant.

**ORDER VACATING ISSUANCE OF WRIT OF GARNISHMENT [ECF NO. 6], DENYING AS MOOT MOTION TO QUASH [ECF NO. 9], AND DISMISSING MISCELLANEOUS PROCEEDING**

Mindy A. Mora, Judge United States Bankruptcy Court

 **\*1  THIS MATTER** came before the court upon the *Motion to Quash Garnishment, Objection to Garnishment and Motion for Leave to Pursue Rule 57.105 Sanctions, or in the Alternative, for Relief to Pursue Rule 9011 Sanctions* (the "Motion to Quash") (ECF No. 9) filed by the above-captioned defendant/garnishee ("Kuskin"), the response thereto (the "Response") (ECF No. 13) filed by the above-captioned plaintiff/garnishor ("Halpern"), and the answer (the "Answer") to the writ of garnishment filed by garnishee TD Bank, N.A. ("TD Bank"). The court scheduled the Motion for Quash for hearing on November 7, 2018 at 10:00 a.m. (the "Hearing"). At the Hearing, the parties presented argument regarding whether and to what extent Kuskin's earnings as a real estate broker may be viewed as exempt pursuant to Florida Statute § 222.11 ("Exemption of Wages From Garnishment"). The court took the matter under advisement. Because the court determines that it does not have subject matter jurisdiction to enforce the underlying judgment, the court issues this Order vacating issuance of the writ of garnishment, denying both the Motion to Quash and the Answer[1] as moot, and dismissing this proceeding.

[1]    Although the Answer was styled and titled as an answer to the underlying writ of garnishment, the final paragraph of the document contained a prayer for relief. Accordingly, the court will treat the Answer as a motion to the extent it seeks relief from this court.

**BACKGROUND**

   I. The New Jersey Proceeding

On April 27, 2018, Halpern filed in this court a certification of judgment for registration in another district (the "Registration") (ECF No. 1), thereby commencing a miscellaneous proceeding (the "Miscellaneous Proceeding") in this district. The Registration states that the attached document is a copy of a judgment (the "Judgment") entered by the Bankruptcy Court for the District of New Jersey (the "New Jersey Bankruptcy Court") on January 12, 2015 in Adversary Proceeding No. 12-2058 (the "New Jersey Proceeding"). It appears from the face of the Judgment that the New Jersey Proceeding related to the underlying

bankruptcy case of Kuskin, which is identified as Case No. 10-13526 (the "New Jersey Bankruptcy Case") in the New Jersey Bankruptcy Court.

The Judgment itself recites that David Rather ("Ratner"), a plaintiff in the New Jersey Proceeding, and Kuskin, as the defendant/debtor in that proceeding, entered into a stipulation of settlement providing for, *inter alia*, (i) entry of judgment against Kuskin and in favor of Ratner in the amount of $ 176,470,[2] and (ii) non-dischargeability of the Judgment in the New Jersey Bankruptcy Case or in any subsequent bankruptcy case filed by Kuskin. Ratner and Kuskin executed their agreement(s) to the Judgment on December 2 and 3, 2014, respectively. On January 12, 2015, the New Jersey Bankruptcy Court entered the Judgment.

[2] Although it appears that Halpern was also a plaintiff in the New Jersey Proceeding, the record in the proceeding presently before this court does not clarify how or why Halpern is presently attempting to enforce a consent judgment entered in favor of Ratner.

## II. Proceedings in This Court

**\*2** After filing the Registration in April 2018, Halpern waited approximately five months before taking any further action in this court. On September 4, 2018, Halpern filed a notice of his intent to take the deposition *duces tecum* of Kuskin on September 27, 2018.[3] Shortly thereafter, on October 22, 2018, Halpern filed a motion for a writ of garnishment (ECF No. 4) (the "Writ"), which included a copy of the (unexecuted) Writ, along with a separate motion for the appointment of a process server (ECF No. 5). On October 24, 2018, the court entered a copy of the executed Writ on the docket (ECF No. 6). On November 2, 2018, Halpern filed a notice regarding the issuance of the Writ, which advised Kuskin of (i) the necessity of moving to dissolve the Writ within the time allotted under Florida Statute § 77.07(2), and (ii) the possibility of asserting various exemptions as a defense to the Writ. On November 9, 2018, Kuskin filed the Motion to Quash.

[3] Halpern later amended the notice to provide for a date of October 17, 2018.

## ANALYSIS

The court raises the issue of subject matter jurisdiction *sua sponte*. Although neither party questioned the propriety of jurisdiction before this court, a bankruptcy court, as a court of limited jurisdiction, may only hear and decide a limited scope of matters. *Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1999). It is therefore not only appropriate, but necessary, for this court to determine whether it may exercise jurisdiction over the Miscellaneous Proceeding. *Id.* at 1021 ("Federal courts must be assured of their subject matter jurisdiction at all times and may question it *sua sponte* at any stage of judicial proceedings.") (emphasis added).

### I. Basis of Bankruptcy Jurisdiction

All federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (11th Cir. 1994). They possess the power to hear and decide only those matters for which the Constitution and Congress have explicitly authorized a statutory grant of power. *Id.* Courts may not expand this authority by judicial decree, nor may parties to an action broaden it by consent. *Id.*; *A.M.S. Printing Corp. v. Wernick (In re Wernick),* 242 B.R. 194, 197 (S.D. Fla. Bankr. 1999) ("[W]hile a party can consent to *in personam* jurisdiction, a party cannot create subject matter jurisdiction by consent.") (emphasis added). *But see Wellness Int'l Network, Ltd. v. Sharif,* 135 S. Ct. 1932, 1944-45 (2015) (discussing bankruptcy court adjudication of certain non-core matters upon consent of parties). As a court created under Article I of the Constitution,[4] this court's jurisdiction follows highly specific contours beyond which it may not wander.

[4] A thorough analysis of Article I versus Article III jurisdiction is beyond the scope of this opinion. The crucial distinction, however, stems from the constitutional requirement that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const., Art. III, § 1. As a result, subject

matter jurisdiction over a bankruptcy case rests in the first instance with a district (not bankruptcy) court. *Wellness Int'l,* 135 S. Ct. at 1939. A bankruptcy matter is typically "referred" by a standing order of reference to the relevant bankruptcy court. *Id.*

Section 1334(b) of title 28 of the United States Code provides district courts with original (but not exclusive) jurisdiction over all civil proceedings "arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Section 157(a) further provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Within this district, the district court has codified a standing "order of reference" referring such matters to this court and other bankruptcy courts within the district. District Court Local Rule 87.2.

**\*3** Section 157(b) and (c) of title 28 further delineate the limits of a bankruptcy court's subject matter jurisdiction. 28 U.S.C. § 157(b) & (c). These sections of the United States Code set forth a non-exhaustive list of "core" versus "non-core" matters, and further clarify the unique parameters of bankruptcy court jurisdiction. *Id.* A bankruptcy court may therefore only hear and determine select matters arising in, arising under, or related to a proceeding under title 11 of the United States Code. *Wernick*, 242 B.R. at 196. And, even where those criteria are met, situations may arise where a party may nonetheless seek and be granted a withdrawal of the reference. *See* Local Bankruptcy Rule 5011-1.

For a proceeding to fall within a bankruptcy court's jurisdiction, it must satisfy, at a minimum, the standard for "related to" jurisdiction. *Harris v. Citigroup (In re Harris)*, 298 B.R. 897, 900 n.5 (Bankr. M.D. Ala. 2003) (citing *Michigan Emp. Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132 (6th Cir. 1991) ). The Eleventh Circuit has employed the following test to determine the minimum standard for bankruptcy court jurisdiction:

> The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. In other words, an action is sufficiently related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990); *In re Munford*, 97 F.3d 449, 453 (11th Cir. 1996) (quoting same). Stated differently, for a bankruptcy court to exercise jurisdiction over a dispute, some nexus must exist between the civil proceeding and a title 11 case. *Munford*, 97 F.3d at 453; *Lemco Gypsum*, 910 F.2d at 787.

Moreover, the claims asserted in the relevant proceeding must impact the debtor's estate, not merely the debtor. *Bass*, 171 F.3d at 1022 ("This test is obviously conjunctive: [F]or jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate."); *Elscint, Inc. v. First Wisconsin Fin. Corp. (In re Xonics, Inc.)*, 813 F.2d 127, 131 (7th Cir. 1987) ("[I]t is the relation of dispute to estate, and not of party to estate, that establishes jurisdiction."); *Boyer v. Conte (In re Import & Mini Car Parts, Ltd.)*, 200 B.R. 857, 859 (Bankr. N.D. Ind. 1996).

Bankruptcy court jurisdiction is not endless. *Edwards v. Sieger (In re Sieger)*, 200 B.R. 636, 638 (Bankr. N.D. Ind. 1996) ("Bankruptcy is not forever. Neither is the jurisdiction exercised by the bankruptcy court.") (internal citations and quotation marks omitted). Bankruptcy court jurisdiction extends only so far as the boundaries of the *bankruptcy purpose* served by the proceeding. *Id.* When that purpose no longer exists, bankruptcy jurisdiction lapses. *Id.; Mini Car Parts*, 200 B.R. at 861 ("Bankruptcy jurisdiction is apparently unique in federal jurisprudence because of the possibility that subsequent events may cause it to lapse.").

It is axiomatic that once a bankruptcy estate has been fully administered and the bankruptcy case has been dismissed, the estate ceases to exist. *Harris*, 298 B.R. at 901. Without an estate to administer, the fundamental basis of a bankruptcy court's "related to" jurisdiction also ceases to exist. *See Id.* (quoting *Lemco Gypsum, Inc.*, 910 F.2d at 788). Because the crucial underpinning of "related to" jurisdiction for adversary proceedings includes the degree to which the action "could conceivably have an effect on the estate being administered in bankruptcy," the absence of an estate naturally leads to the absence of bankruptcy court jurisdiction. *Lemco Gypsum*, 910 F2d at 788; *Xonics*, 813 F.2d at 131. Simply put, once the underlying bankruptcy case has been

closed, there is no bankruptcy estate to be affected, and no further bankruptcy purpose to be served by the litigation. *Wernick*, 242 B.R. at 196; *Xonics*, 813 F.2d at 132; *Mini Car Parts*, 200 B.R. at 862 (quoting same). But see *McCowan v. Fraley (In re McCowan)*, 296 B.R. 1, 4 (BAP 9th Cir. 2003) (court issuing order had jurisdiction to enforce order after closure of case).

   II. Subject Matter Jurisdiction Over The Garnishment Proceeding

**\*4** Dischargeability proceedings are essentially a form of declaratory relief. *Sieger*, 200 B.R. at 638. Because it is often impossible to separate the process of determining the dischargeability of the obligation (or a portion thereof) from the determination of the amount of the potential claim, a bankruptcy court is empowered to enter decisions that both quantify the amount and qualify the nature of the debt. *Id.* at 639. Once judgment has been rendered, however, the bankruptcy purpose of a dischargeability proceeding has been satisfied. *Id.*

To exercise jurisdiction over a garnishment proceeding after entry of judgment in a dischargeability dispute, a bankruptcy court must therefore have some basis for *enforcement* of the judgment beyond the mere power to render the judgment itself. *Sieger*, 200 B.R. at 639-40. That authority does not exist here.

"[J]urisdiction is the power to decide. It must be conferred, not assumed." *In re Chicago, Rock Island and Pacific R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986); *Sieger*, 200 B.R. at 639 (quoting same). Prior jurisdiction over a debtor's property does not automatically confer subsequent jurisdiction over that property after the bankruptcy case is closed or the property is sold by the debtor's estate; likewise, a debtor's foray into bankruptcy does not provide jurisdiction over the debtor's person beyond the scope of the bankruptcy process. *Lemco Gypsum*, 910 F.2d at 788-899 (property sold by debtor could not be brought back into estate); *Xonics*, 813 F.2d at 131; *Sieger*, 200 B.R. at 639 ("Just because a federal court has entered a money judgment does not mean that it also has subject matter jurisdiction over all proceedings designed to turn that judgment into cash.") (internal citations omitted).

Collection of a non-dischargeable debt does not impact the bankruptcy estate. *Wernick*, 242 B.R. at 197. Because the creditor is not hindered by the discharge injunction imposed by 11 U.S.C. § 524 in its redress against the debtor, the creditor may pursue claims in state court to the extent allowed under applicable state law, by domesticating and enforcing the judgment with the applicable state court. *Mini Car Parts*, 200 B.R. at 861-62 (federal judgment could be domesticated in state court, where it would then be entitled to full faith and credit); Fla. Stat. § 55.501 *et seq.* (Florida Enforcement of Foreign Judgments Act). The availability of assets and remedies beyond the debtor's estate simultaneously provides the creditor with a greater means of enforcement, and also removes enforcement of any judgment from the confines of bankruptcy court jurisdiction. *Wernick*, 242 B.R. at 197-98.

Such is the case here. The New Jersey Bankruptcy Court entered the Judgment, which deemed the relevant debt non-dischargeable by consent. Having done so, the New Jersey Bankruptcy Court concluded the bankruptcy purpose of the New Jersey Proceeding. Kuskin has never been a debtor before this court, and his prior case in New Jersey concluded many years ago. There is no possibility of continued subject matter jurisdiction pursuant to court order.[5] Garnishment of his wages to satisfy the Judgment will neither supplement nor decrease his now-defunct bankruptcy estate. *Mini Car Parts*, 200 B.R. at 862.

[5]   The absence of subject matter jurisdiction by this court over the New Jersey Proceeding precludes any argument regarding retention of jurisdiction to enforce the terms of the order. See *Alderwoods Group, Inc. v. Garcia*, 682 F.2d 958, 971 (11th Cir. 2012).

**\*5** To state matters in the simplest possible terms, there is no federal question here. Neither the Constitution nor any federal statute provide a basis for enforcement of the Judgment. Bankruptcy court jurisdiction has lapsed and may not be reinstated to garnish Kuskin's wages through a writ issued by this court.

**CONCLUSION**

Accordingly, the court, having considered the Motion to Quash and the Response, having considered the arguments of counsel at the Hearing, having reviewed the record and all exhibits submitted by counsel, and being otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES** that:

1. The Writ is **VACATED**.

2. The Motion to Quash and the Answer are both **DENIED as moot**.

3. The Miscellaneous Proceeding is **DISMISSED**.

4. The court reserves jurisdiction only to determine those matters specifically arising from or directly related to the interpretation or enforcement of this Order.

**All Citations**

Slip Copy, 2019 WL 311011, 27 Fla. L. Weekly Fed. B 332

---

**End of Document**                                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.