**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
In re:                                                      Chapter 7

**BOAZ BAGBAG,**                                            Case No. 08-12667 (MEW)

        **Debtor.**

-------------------------------------------------------------------X
**SUMMA CAPITAL CORP.,**                                    Adv. Proc. No. 20-1185 (MEW)

        **Plaintiff,**
   v.

**BOAZ BAGBAG,**

        **Defendant.**
-------------------------------------------------------------------X

## EMERGENCY MOTION OF PLAINTIFF FOR INJUNCTIVE RELIEF AGAINST DEFENDANT BOAZ BAGBAG

Plaintiff, Summa Capital Corp. ("Summa"), respectfully represents in support of this motion:

### RELIEF SOUGHT

1. Summa seeks an order enjoining Debtor/Defendant Boaz Bagbag ("Debtor") from proceeding with, and/or otherwise taking any action in connection, with three causes of action he has asserted against Summa and Howard Abram Schulder in a Second Amended Complaint (the "SAC") the Debtor filed in an action he filed in the Supreme Court of the State of New York, County of New York (the "State Court Action").

2. This motion is brought on an emergency basis because the debtor filed the SAC in the State Court Action which ostensibly constituted service of the SAC on Summa and because, upon information and belief, the Debtor will, on or before May 28, 2021, file a motion seeking leave to amend its complaint in the State Court Action to assert the causes of action at issue on this motion.

3. A copy of the SAC is attached hereto as Exhibit A.

4. Summa seeks injunctive relief because the Debtor's conduct in the State Court Action constitutes a collateral attack on, and seeks to interfere with, this Court's jurisdiction, this Court's rulings made on the record on May 4, 2021, and this Court's Order Regarding Subject Matter Jurisdiction And Directing Compliance With Discovery In Stages dated May 6, 2021 (the "Order")[ECF # 23 in 20-01185].

5. A copy of the Order is attached hereto as Exhibit B.

6. Summa has ordered, but does not yet have a copy of, the transcript of the Court's ruling which led to the Order. The transcript appears at ECF # 24 in 20-01185.

## BASIS FOR THE RELIEF SOUGHT

7. Debtor is making a collateral attack in the State Court Action on the Order in which the Court determined that: (x) the Court has subject matter jurisdiction to enforce a money judgment entered in this Court against the Debtor and in favor of Summa (the "Judgment"); and (y) that judgment enforcement in this Court does not violate the Stipulation and Order Regarding Discharge Under 11 U.S.C. § 727 and Dischargeability Under 11 U.S.C. § 532 of Certain Claims (the "Stipulation").

8. By doing so, the Debtor also is interfering with this Court's ability to interpret its own orders and to effectuate its prior judgments.

9. The relief sought herein is sought pursuant to § 105 of the Rules of Bankruptcy Procedure and the All-Writs Act (28 U.S.C. § 1651).

10. The Judgment appears at EFC # 16 in 20-01185. A copy of the Judgment is attached hereto as Exhibit C.

11. The Stipulation appears at ECF # 104 in 08-12667. A copy of the Stipulation is attached hereto as Exhibit D.

12. In the Third Cause of Action in the SAC, Debtor alleges that Summa's conduct in

seeking post-judgment discovery in this Court violated the Stipulation. The Debtor seeks to recover money damages for the alleged breach of contract. (Debtor mistakenly alleges in the SAC that the Stipulation was filed on June 9, 2020. It was filed on June 9, 2010). *See* SAC ¶¶ 72-75.

13. In the Fourth Cause of Action in the SAC, Debtor alleges that Summa's conduct in serving post-judgment discovery demands in this Court constituted "abuse of process" because that conduct violated the Stipulation. *See* SAC at ¶ 78 ("The Schulder Defendants wrongfully used legal process…[by] using the Bankruptcy Action for post-judgment collection despite expressly agreeing otherwise" in the Stipulation). *See* SAC ¶¶ 78. The Debtor seeks relief against both Summa and Howard Schulder. As to Schulder, the Debtor seeks relief based on the allegations that Schulder is the principal of Summa and is liable for (allegedly) directing the actions of Summa which the Debtor claims are actionable. *See* SAC ¶ 5, 81-84.

14. It is not possible for the state court to consider the claim against Schulder without also considering the claims against Summa and without acting as a reviewing court of this Court's rulings.

15. In the Fifth Cause of Action in the SAC, Debtor seeks a declaratory judgment as against Summa – from the state court – that this Court does not have subject matter jurisdiction over proceedings by Summa to enforce the Judgment. Debtor also repeats the allegation that Summa is violating the Stipulation. *See* SAC at ¶¶ 87-92.

16. The Debtor is acting as if this Court never considered the issues presented and as if this Court never issued its ruling on the record and the Order.

17. The Debtor, in every sense of the word, is ignoring this Court and is ignoring the Court's ongoing and continuing jurisdiction.

18. The Debtor also is making an impermissible collateral attack on this Court's

3

jurisdiction, its ruling, and its Order.

19. The law is well-settled that this Court has jurisdiction to interpret and to enforce its own orders. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009). Accordingly, the Court has jurisdiction to consider this emergency motion.

20. This Court also has authority to issue an injunction to protect its own jurisdiction and to prevent collateral attacks on its rulings. This includes an injunction against claims against a non-debtor party, where the action implicates "the interpretation or enforcement of this Court's orders." *See, e.g., In re Chateaugay Corp.*, 201 B.R. 48, 66-67 (Bankr. S.D.N.Y. 1996). The SAC clearly seeks to avoid this Court's interpretation and enforcement of the Stipulation and the Order.

21. The Anti-Injunction Act (28 U.S.C. § 2283) is no bar to the relief sought on this motion. *See In re U.S.H. Corp. of New York*, 280 B.R. 330 (Bankr. S.D.N.Y. 2002). *See also In Re Joint Eastern and Southern Districts Asbestos Litigation*¸120 B.R. 648 (Bankr. S.D.N.Y. 1990), holding that "the Anti–Injunction Act precludes a federal court from staying existing proceedings in state court "except as expressly authorized by Act of Congress, or when necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

22. Here, the offending causes of action in the State Court Action ask a state court to reconsider and to overrule this Court's decisions as to subject matter jurisdiction and as to the interpretation and effect of the Stipulation. The State Court Action, thus, seeks to interfere with this Court's ability to "effectuate its judgments." The State Court Action also seeks to prevent this Court from acting to "effectuate its judgments" when it seeks a declaration that a restraining notice served on the Debtor is a nullity simply because it contains the caption of this Court.

23. Injunctive relief is appropriate under such circumstances. *See, e.g., Staffer v. Bouchard Transp. Co., Inc.,* 878 F.2d 638, 643 (2d Cir. 1989), recognizing that "relitigation"

exception to Anti-Injunction Act authorizes injunction where the matter being litigated in state court has been "actually" decided by a federal court; *Olin Corp. v. Insurance Co. of North America*, 807 F.Supp. 1142 (S.D.N.Y. 1992), holding that court had authority to enjoin state court proceeding which raised issues which "cannot be separated from the relief previously ordered in federal court."

24. In addition, injunctions against state court proceedings are "expressly authorized by Act of Congress" including 11 U.S.C. § 105(a), which grants bankruptcy courts the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

25. Thus, this Court had full authority to enter the Judgment (and the original judgment entered in 2010). *See In re Ridsdale*, 286 B.R. 238 (Bankr. W.D.N.Y. 2002); *In re Behnam*, 2006 WL 8439615 (Bankr. E.D.N.Y. 2006), collecting cases and stating that "Appellate courts nationwide that have addressed the issue are in almost uniform agreement that a Bankruptcy Court has jurisdiction to enter money judgments on debts determined to be non-dischargeable."

26. As the Court has found, it has jurisdiction to, and thus the power to, enforce the Judgment.

27. Because this Court had the power to enter the Judgment, and because it has the power and the jurisdiction to enforce the Judgment, enforcement of the judgment falls with the "provisions of this title" to be carried out. The State Court Action constitutes a clear attempt by the Debtor to interfere with this Court's ability to "carry out the provisions of this title," prosecution of the offending causes of action and should be enjoined.

## **CONCLUSION**

28. For the foregoing reasons, Summa respectfully requests that the Court grant this

motion and enjoin the Debtor from taking any actions in connection with and/or in furtherance of the Third, Fourth and Fifth Causes of Action set forth in the Second Amended Complaint, including but not limited to filing a motion in the State Court Action seeking leave to interpose the Third, Fourth and Fifth Causes of Action set forth in the Second Amended Complaint.

## **NO PREVIOUS REQUEST**

29. No previous request for the relief sought herein has been made to this or any other court.

Dated: Garden City, New York
      May 20, 2021

                                          DAVID BOLTON, P.C.

                                          By:___David Bolton_____
                                  David Bolton, Esq.
                                      666 Old Country Road, Suite 509
                                      Garden City, New York 11530
                                      (516) 222-0600

                                      Attorneys for Summa Capital Corp.