UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

BOAZ BAGBAG,

           Debtor.

SUMMA CAPITAL CORP.,

           Plaintiff,

- against -

BOAZ BAGBAG,

           Defendant.

Chapter 7

Case No.: 08-12667 (MEW)

Adv. No. 20-1185 (MEW)

# NOTICE OF APPEAL

## Part 1: Identify the appellant(s)

1. Name of appellant: Boaz Bagbag.

2. Position of appellant in the adversary proceeding that is the subject of this appeal: Defendant.

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Appellant hereby appeals pursuant to 28 U.S.C. § 158 from the Honorable Michael E. Wiles's Order Regarding Subject Matter Jurisdiction and Directing Compliance with Discovery in Stages ("the Order").

2. State the date on which the judgment, order, or decree was entered: The Order was entered on May 6, 2021 (Dkt. 23) and is attached hereto as Exhibit A.

## Part 3: Identify the other parties to the appeal

1. Plaintiff-Appellee:        Attorney:
   Summa Capital Corp.     David Bolton
                                         666 Old Country Road

Suite 509
Garden City, NY 11530
(516) 222-0600
Fax: (516) 222-1110
Email: dbolton@dboltonlaw.com

Wayne M. Greenwald
Wayne M. Greenwald, P.C.
475 Park Avenue South
26th Floor
New York, NY 10016
(212) 983-1922
Fax: (212) 983-1965
Email: grimlawyers@aol.com

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

    Not applicable.

**Part 5: Sign below**

Dated: May 20, 2021      ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,
Rochester, New York      FORMATO, FERRARA, WOLF & CARONE, LLP

/s/ Maureen T. Bass
Maureen T. Bass, Esq.
*Attorney for Defendant*
160 Linden Oaks, Suite E
Rochester, New York 14625
Telephone: (585) 218-9999
Email:   mbass@abramslaw.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

BOAZ BAGBAG,

                                    Debtor.

_____

SUMMA CAPITAL CORP.,

                                Plaintiff,
- against -

BOAZ BAGBAG,

                                Defendant.
-----------------------------------------------------------X

Chapter 7

Case No. 08-12667 (MEW)

Adv. No. 20-1185 (MEW)

**ORDER REGARDING SUBJECT MATTER JURISDICTION
AND DIRECTING COMPLIANCE WITH DISCOVERY IN STAGES**

      On April 20, 2021, Summa Capital Corp. (the "Plaintiff) filed a request for a discovery conference seeking the Court's assistance in obtaining responses to certain post-judgment written interrogatories that had been served on March 2, 2021 upon Boaz Bagbag (the "Defendant"), as well as the production of certain documents (ECF No. 20).  On April 29, 2021, the Defendant filed a response to the Plaintiff's request questioning this Court's subject matter jurisdiction to enforce a judgment the Court had entered and to entertain the discovery dispute (ECF. No. 22). The parties had filed earlier letters on the docket of the case that did not seek any relief from the Court but merely complained about their respective opponent's conduct during discovery (ECF Nos. 18 and 19).  A hearing on the various issues raised by the parties was held on May 2, 2021 (the "Hearing"), at which the Court read a ruling into the record in which it affirmed its subject matter jurisdiction to enforce a judgment it had entered.  The Court immediately thereafter

proceeded to address the discovery dispute. The Defendant had neither objected to nor responded to the interrogatories that had been served more than two months prior to the Hearing. In that regard, the Court concluded that, unless the Defendant could provide an excuse or get an after-the fact extension, any objections to the interrogatories were waived. The Court further noted that it does not permit general objections, and any objection to the relevance of a particular document or based on the request being burdensome must be explained to inform the opponent as to exactly what is being withheld. Although the Court neither cancelled nor directed withdrawal of any of the discovery requests, it held certain of the requests in abeyance pending entry of any orders directing compliance and further stated that compliance would be directed in stages. The Court stated that the goal of discovery is to enforce a judgment and, to that end, discovery should first focus on what assets a defendant currently holds. Issues related to prior transfers or to documents and financial statements from earlier years would be saved for future discovery requests, if necessary. The Court then outlined the discovery that could proceed in the first instance as set forth herein. For the reasons stated on the record of the Hearing,

**IT IS HEREBY ORDERED THAT**:

1. The Court has subject matter jurisdiction to enforce the judgment it entered.

2. Defendant shall, on or before May 18, 2021, provide full and complete sworn or affirmed answers to Plaintiff's First Set of Post-Judgment Interrogatories, dated March 2, 2021.

3. Unless the Defendant can provide an excuse or get an after-the fact extension, any objections to the interrogatories are waived and the Defendant must provide full responses.

4. The Defendant shall produce to the Plaintiff before May 18, 2021, the documents requested in its First Post-Judgment Request for Production of Documents dated March 2, 2021,

which in the first instance (and without prejudice to possible renewal at a later time) shall be narrowed as follows:

- Defendant's 2019 and 2020 tax returns (state, local and federal).

- All paychecks, paystubs, W-2s, 1099's and/or K-1's the Defendant received, from any source for 2020 and 2021.

- Documents sufficient to identify any ownership interest of Defendant in any entity currently and during the years 2020 and 2021.

- All documents, including but not limited to statements and copies of canceled checks, for any and all accounts maintained at any bank, brokerage or other financial services entity, in the name of the Defendant, jointly or alone, from January 1, 2020 to date.

- All credit card statements for credit cards from January 1, 2020 to date: (a) in the name of the Defendant; and/or (b) used by or for the benefit of the Defendant.

- All financial statements, profit and loss statements, balance and income statements, balance sheets, ledgers, journals, accounting statements, accounting reports or other documents designed or intended to present the financial condition of the Defendant in the calendar years 2020 and 2021.

- Documents sufficient to identify the names and addresses of any accountants providing services to Defendant in 2020 and/or 2021.

- Documents sufficient to identify any and all motor vehicles, boats or aircraft in which the Defendant has or had an interest during the years 2020 and 2021 and any loans outstanding with respect to such property or properties.

- All loan applications and supporting materials submitted by the Defendant in calendar years 2020 or 2021.

- Documents sufficient to identify any and all real property owned by the Defendant, individually, jointly, as tenants in common, as tenants in the entirety, or through any person or entity, from January 1, 2020 to date, and any loans outstanding with respect to such property or properties.

- Documents sufficient to identify any other personal property owned by the Defendant, individually, jointly, as tenants in common, as tenants by the entirety, or through any person or entity, from January 1, 2020 to date, including but not limited to certificates of insurance for jewelry, bills of sale, or appraisals.

- Documents sufficient to identify any real property leased or rented by or to the Defendant, jointly or alone, from January 1, 2020 to date.

- All leases for property (real property, automobiles, vehicles, etc.) to which the Defendant is a party, existing from January 1, 2020 to date.

- Documents sufficient to identify all corporations in which the Defendant, is presently, or was at any time since January 1, 2020, a shareholder, officer, director or employee, and all financial statements and bank statements for such entities since January 1, 2020.

- Documents sufficient to identify all limited liability companies in which the Defendant, is presently, or was at any time since January 1, 2020, a member, officer, manager, or employee, and all operating agreements, bank statements and Schedule K-1's for such entities since January 1, 2020.

- Documents sufficient to identify any partnerships, limited partnerships, or joint ventures in which the Defendant, is presently, or was at any time since January 1, 2020, a partner, limited partner, general partner, officer, manager, or employee, and all financial statements and bank statements for such entities since January 1, 2020.

- Documents sufficient to identify all monetary obligations owed to the Defendant by any person, firm or entity during all or any part of the period since January 1, 2020, including documents sufficient to identity the names and addresses of the obligors, the source of the obligations and the amounts of the obligations.

- Documents sufficient to identify all debts that the Defendant owes currently to any person, firm or entity.

- Documents sufficient to identify the Defendant's current residences and other residences used by the Defendant during 2020 and 2021. The Defendant shall provide written verification of his current residence to the Plaintiff.

- Documents sufficient to identify all payments made by or for the benefit of the Defendant for or on account of any mortgage, including but not limited to a mortgage on any real property owned by the Defendant in Florida.

Any objection based on privilege must be supported with a privilege log as the Defendant must inform the Plaintiff if he withheld any document; and the privilege log, if any, shall be provided on or before June 4, 2021.

5. This Order is without prejudice to Plaintiff's right to seek additional discovery from the Defendant including but not limited to the enforcement of those portions of the prior discovery requests that have been held in abeyance pursuant to the terms of this Order.

6. The Defendant shall appear for his deposition at a location and on a date and time agreed to by the parties. If the parties are unable to agree to the location and/or a date for the deposition, the Court will set the location, date and time upon further application by the Plaintiff.

7. The Court retains jurisdiction with respect to all matters arising from or relating to the implementation and enforcement of this Order.

Dated: New York, NY
May 6, 2021

/s/ **Michael E. Wiles**
UNITED STATES BANKRUPTCY JUDGE