UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:                                                                                    Chapter 7

BOAZ BAGBAG,                                                                  Case No. 08-12667 (MEW)

                              **Debtor.**

------------------------------------------------------------------------X
SUMMA CAPITAL CORP.,                                                  Adv. Proc. No. 20-1185
                                                                                             (MEW)
        **Plaintiff,**
   v.

BOAZ BAGBAG,

        **Defendant.**
------------------------------------------------------------------------X

### APPLICATION IN SUPPORT OF MOTION BROUGHT BY ORDER TO SHOW CAUSE SEEKING TO HOLD DEFENDANT AND HIS ATTORNEYS IN CONTEMPT OF COURT

Plaintiff, Summa Capital Corp. ("Summa"), respectfully represents in support of this motion brought by Order to Show Cause:

### BACKGROUND

1. On May 21, 2021, this Court entered a Scheduling Order and Temporary Restraining Order (the "TRO") in which the Court, among other things, ordered that pending the hearing and determination of Summa's request for injunctive relief debtor/defendant, Boaz Bagbag ("Debtor"), and his attorneys are temporarily restrained from taking any actions to pursue or to seek relief with respect to the Third, Fourth and Fifth Causes of Action asserted in that certain Second Amended Complaint dated May 14, 2020 filed in the Supreme Court of the State of New York, County of New York, under Index No. 161205/2020 (the "State Court Proceeding"). Docket # 31. A copy of the TRO is attached hereto as Exhibit A.

2. Summa's request for injunctive relief has not yet been heard or decided.

1

Accordingly, the TRO remains in full force and effect.

3. In the TRO, the Court recognized that, unless injunctive relief was granted, Summa "may improperly be subjected to multiple litigations in different courts over the same issues and/or to a relitigation of issues that have already been decided against Bagbag, and may be forced to incur costs for which they will have no clear right to recompense."

4. As shown below, Summa is incurring the exact harm the Court envisioned because the Debtor and his counsel (Abrams Fensterman) have violated the TRO by filing a cross-motion (the "Cross-Motion") in state court in which they seek leave to interpose an amended complaint which contains the enjoined Third, Fourth and Firth Causes of Action and which contains the factual allegations which underlay those causes of action. Compounding the harm to Summa, they have refused to cure their violation, which is well-within their power and easily done.

5. Summa seeks an order directing the Debtor to withdraw the Cross-Motion and directing the Debtor and his attorneys to pay Summa's legal fees incurred on this application and to oppose the Cross-Motion.

## THE DEBTOR AND HIS ATTORNEYS ARE VIOLATING THE TRO

6. The TRO was entered on May 21, 2021 at 5:15 p.m. Docket # 31.

7. Just days later, on May 28, 2021, the Debtor (acting by Abrams Fensterman), filed a Notice of Cross-Motion in the State Court Proceeding (the "Cross-Motion"). A copy of the Notice of Cross-Motion is attached hereto as Exhibit B. A copy of the affirmation submitted by the Debtor's attorney (the "State Court Attorney Affirmation") in support of the Cross-Motion is attached hereto as Exhibit C.

8. In the Cross-Motion, the Debtor seeks "leave to further amend the Amended Complaint as set forth in the annexed Proposed Second Amended Complaint (the "SAC") with

respect to the first and second causes of action contained in the SAC." Exhibit B.

9. A copy of the SAC which the Debtor seeks leave to interpose in the State Court Action is attached hereto as Exhibit D.

10. Unbelievably, the SAC includes the exact same Third, Fourth and Fifth Causes of Action which the Debtor is enjoined from "taking any actions to pursue or to seek relief with respect to."

11. The SAC also contains the exact same factual allegations which support the claims the Debtor is enjoined from pursuing. *See* SAC at ¶¶ 16, 17, 35-44.

12. There is absolutely no reason for the Debtor to have filed a pleading which contains the Third, Fourth and Fifth Causes of Action, and the underlying factual allegations, other than a desire to directly challenge this Court's authority.

13. Proof that this is the Debtor's goal is the fact that Summa requested, on several occasions, that the Debtor withdraw the Cross-Motion and advised the Debtor that if the cross-motion was not withdrawn a contempt of court would be filed. The Cross-Motion was not withdrawn.

14. Aware that his conduct violates the TRO, the Debtor claims in a footnote in the State Court Attorney Affirmation that he "only seeks leave to amend with respect to the first and second causes of action in the SAC." *See* footnote 1 to Attorney State Court Affirmation.

15. But the Debtor then immediately retracts that statement when he says that he "expressly reserves the right to pursue the third through fifth causes of action contained in the SAC in the event the Bankruptcy Court ultimately does not grant injunctive relief and/or if any future event (in the Bankruptcy Court or otherwise) permits Bagbag to pursue those claims."

16. The only way for the Debtor to "pursue the third through fifth causes of action contained in the SAC" in the future is if the state court grants him leave to file the pleading

3

which contains those causes of action (which is the relief he seeks in the Cross-Motion). That, presumably, is why the Debtor has included these causes of action in the SAC (in violation of the TRO).

17. In any event, the "disclaimer" is sophistry. If what the Debtor says was accurate, he would not have filed the SAC with his Cross-Motion. He would have filed a pleading which did not include the specific causes of action he is enjoined from pursuing and which did not include the factual allegations underlying those claims.

18. In addition, the Debtor's actions speak louder than his words.

19. Thus, in the Cross-Motion the Debtor is seeking leave to serve a pleading which includes the Third, Fourth and Fifth Causes of Action. What purpose would be served by filing a pleading which contains causes of action the party does not intend to pursue? The answer is "none." This belies the Debtor's assertion that he is not seeking leave to amend to assert those causes of action.

20. Further, as stated above, the Proposed SAC includes the exact factual allegations which seek to relitigate this Court's prior rulings and which led to the TRO.

21. This is even more significant because in both the First and Second Causes of Action in the SAC the Debtor "repeats and realleges the foregoing paragraphs of the Second Amended Verified Complaint," which includes paragraphs 16, 17, 35-44.

22. Then, in paragraph 70 of the SAC, the Debtor alleges as follows:

> As a direct and proximate cause of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial.

The "foregoing" is a clear reference to the factual allegations which challenge this Court's prior rulings and Plaintiff clearly is seeking relief based on those allegations. That conduct is enjoined by the TRO which prohibits the Debtor from taking any actions to pursue or to seek

relief.

        23.     In the Wherefore clause of the SAC, the debtor "demands judgment" as follows:

> On the second cause of action against the Schulder Defendants, awarding Plaintiff compensatory damages against the Schulder Defendants in an amount to be determined at trial, plus interest;
>
> On all causes of action, awarding Plaintiff…such other and further relief as the Court deems just and proper.

The demand for judgment on the second cause of action clearly includes a claim for damages based on the factual allegations which challenge this Court's prior rulings. And if that were not clear enough, the final demand for judgment explicitly does so.

        24.     In addition, pursuant to New York CPLR 3017(a), a court "may grant any type of relief in its jurisdiction appropriate to the proof whether or not demanded…." By including the factual allegations contained in paragraphs 16, 17, 35-44 of the SAC, the Debtor is indicating that he intends to offer proof of the facts asserted therein. Indeed, there would be no reason for the Debtor to include those allegations unless he had that specific intent. Again, the Debtor clearly is pursuing and seeking relief with respect to the third through fifth causes of action in violation of the TRO.

## SUMMA IS BEING HARMED

        25.     Summa has incurred legal fees to oppose the Cross-Motion and will continue to do so unless the Debtor withdraws that motion. In addition, unless the Cross-Motion is withdrawn, the state court will consider the factual allegations made in the SAC and may disagree with this Court and issue inconsistent decisions.

        26.     Accordingly, the exact harm to Summa which the Court sought to avoid is occurring because of the conduct by Mr. Bagbag and his attorneys.

# THE COURT SHOULD HOLD THE DEBTOR
# AND THE ABRAMS FENSTERMAN FIRM IN CONTEMPT

27. The law is well-settled that this Court has jurisdiction to hold in contempt of court those who violate its orders. *See MF Global Holdings, Ltd.*, 562 B.R. 41, 52 (Bankr. S.D.N.Y. 2017); *In re: Residential Capital, LLC*, 571 B.R. 581 (Bankr. S.D.N.Y. 2017).

28. When considering whether to hold a party in contempt, the courts consider two factors: (1) whether the alleged contemnor had notice of the order, and (2) whether that person complied with the order. *Id*. at 585.

29. There can be no doubt that the Debtor and his attorney have notice of the TRO because they refer to it in the State Court Attorney Affirmation. There also can be no doubt that the Debtor and his counsel have not complied with the TRO based on the Cross-Motion and the arguments made above.

30. When deciding whether to impose a contempt sanction, the courts consider the following: (1) is the order clear and ambiguous; (2) is there clear and convincing proof of non-compliance; and (3) did the party "diligently attempt to comply with the order." *See In re Chief Executive Officers Clubs, Inc.*, 359 B.R. 527 (Bankr. S.D.N.Y. 2007). The violation need not be willful, although here it clearly is. *Matrix Essentials v. Quality King Distribs., Inc.,* 346 F. Supp. 2d 384 (E.D.N.Y. 2004).

31. All factors have been met here. The TRO is clear and unambiguous. There is documentary proof that the TRO has been violated. The Debtor and its counsel obviously did not "diligently" attempt to comply with the TRO because compliance was simple – do not seek leave in state court to file and serve a pleading which seeks the relief barred by the TRO.

32. It is respectfully submitted that the Debtor and his counsel must be sanctioned for contempt, including: (1) an order directing the Debtor to withdraw the Cross-Motion; and (2) an

order awarding Summa the legal fees it incurred to file this motion and any legal fees it has incurred, and/or incurs up to the date the Cross-Motion is withdrawn, in the State Court Action.

Dated: Garden City, New York
      June 8, 2021

                      DAVID BOLTON, P.C.

                      By:\_\_\_David Bolton_____
                David Bolton, Esq.
                    666 Old Country Road, Suite 509
                    Garden City, New York 11530
                    (516) 222-0600

                    Attorneys for Summa Capital Corp.