**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
**In re:**

**BOAZ BAGBAG,**

**Debtor.**

_____

**SUMMA CAPITAL CORP.,**

**Plaintiff,**

**- against -**

**BOAZ BAGBAG,**

**Defendant.**
-----------------------------------------------------------X

**Chapter 7**

**Case No. 08-12667 (MEW)**

**Adv. No. 20-1185 (MEW)**

### ORDER REGARDING MOTION SEEKING TO HOLD BOAZ BAGBAG AND HIS ATTORNEY IN CONTEMPT AND RELATED RELIEF

On June 8, 2019, Summa Capital Corp. filed a motion seeking entry of an order holding

Boaz Bagbag and his counsel in contempt of court for violating a Temporary Restraining Order

issued by this Court on May 21, 2021 (the "TRO").   The TRO provided

> Pending the hearing and determination of the request for injunctive relief,
> defendant Boaz Bagbag and his attorneys are temporarily restrained from taking
> any actions to pursue or to seek relief with respect to the Third, Fourth and Fifth
> Causes of Action asserted in the Second Amended Complaint dated May 14, 2020
> filed in the Supreme Court of the State of New York, County of New York, under
> Index No. 161205/2020 [NYSCEF # 80]. This restraint shall prohibit the pursuit
> of those claims against all of the parties against whom Bagbag has proposed to
> assert such claims.

Summa Capital based its motion on the filing by Boaz Bagbag and his counsel of a motion in the

State Court Action seeking leave to further amend the Second Amended Complaint.   Summa

Capital asked that Bagbag and his counsel be held in contempt, that they be directed to withdraw

the state court motion, and that the Court award legal fees and costs to Summa Capital.

The Court held an emergency hearing on June 9, 2021, and heard argument from the

parties.   Bagbag's counsel argued that there was no violation of the TRO, even though the

Third, Fourth and Fifth Causes of Action were included in the proposed Second Amended

Complaint, because counsel had made reference to a footnote in the state court pleadings that

stated that Bagbag was not seeking to pursue those causes of action.   It was clear, however, that

Bagbag intended to pursue the very same claims under a different name, namely under the guise

of a claim for intentional infliction of emotional distress.   For the reasons explained on the

record, the Court held that it was a violation of the TRO for Bagbag and his counsel to attempt to

pursue the enjoined claims while only changing the label that had been applied to them.   More

particularly, the TRO made clear that:

> . . . the proposed additional causes of action that Bagbag proposes to pursue in
> state court constitute requests that the state court reconsider and rule upon issues
> that this Court has already considered and decided adversely to Bagbag regarding
> Summa's rights to pursue the enforcement of a judgment entered by this Court,
> the interpretation of a prior court-approved Stipulation and this Court's
> jurisdiction over the judgment enforcement proceedings, and therefore that
> Plaintiff has established a likelihood of success in showing that the new causes of
> action are impermissible attempts by Bagbag to litigate the same issues in
> multiple courts at the same time and also to relitigate, in a state court, matters that
> this Court has already decided against Bagbag.

In the TRO, the Court determined that entry of the TRO was also "appropriate and necessary to

protect the integrity of this Court's prior rulings, to protect against improper collateral attacks on

those rulings, and to protect this Court's jurisdiction over matters that have already been raised

and litigated before this Court."   The Court further recognized that, unless injunctive relief were

granted, Summa Capital "may improperly be subjected to multiple litigations in different courts

over the same issues and/or to a relitigation of issues that have already been decided against

Boaz Bagbag, and may be forced to incur costs for which they will have no clear right to

2

recompense."   Notwithstanding those rulings, Bagbag continued to seek to pursue challenges in the state court to the judgment enforcement proceedings that are pending in this Court and to matters upon which this Court had already ruled.   The TRO barred the pursuit of those factual and legal complaints in the state court, and the proposed pursuit of the same claims under a different label was a direct violation of the TRO.

The Court determined not to award fees or impose contempt sanctions because it believed that the parties should have been able to resolve the issue.   However, the Court specified that it was holding that what Boaz Bagbag's counsel did was "a clear and intentional violation of this Court's TRO."   Accordingly, and for the reasons stated on the record of the Hearing as supplemented herein, it is hereby

**ORDERED**, that the Motion is granted as set forth herein; and it is further

**ORDERED**, that Boaz Bagbag and his counsel are directed to withdraw, on or before June 16, 2021, the Cross-Motion [NYSCEF # 85] filed in the Supreme Court of the State of New York, County of New York, in the case bearing Index No. 161205/2020, and upon doing so are directed to advise the Justice hearing the State Court matter that the cross-motion is being withdrawn because this Court has found that the Cross-Motion was an intentional violation of the TRO; and it is further

**ORDERED**, that the request for imposition of sanctions for contempt and an award of attorney fees are denied.

Dated: New York, NY
        June 15, 2021

/s/ **Michael E. Wiles**
UNITED STATES BANKRUPTCY JUDGE

2